JAMES GRUNDY vs. PETER L. MARTIN & another.

Middlesex. Nov. 10, 1886. — Jan. 7, 1887. HOLMES & GARDNER, JJ., absent.

A lease of a parcel of land executed by two of three tenants in common confers sufficient title upon the lessee to enable him to maintain an action, under the Pub. Sts. c. 175, for possession against a tenant at will of the lessors.

A notice to quit served upon one of two tenants in common is notice to both.

ACTION on the Pub. Sts. c. 175, to recover possession of a tract of land, with a dwelling-house thereon, in Stoneham, occupied by the defendants as tenants at will of Thomas G. Grundy and Susanna Bate, who, on September 1, 1883, executed a lease of the premises to the plaintiff. Writ dated November 14, 1883.

At the trial in the Superior Court, before *Mason*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*A. V. Lynde & W. P. Harding*, for the defendants.

*B. F. Briggs*, for the plaintiff.

MORTON, C. J. The ground taken by the defendants, that the plaintiff's lessors had no sufficient title to enable them to make a valid lease to the plaintiff, cannot be sustained. The widow of Thomas Grundy (the father of Thomas G. Grundy and Susanna Bate) has a life estate in an undivided half of the premises; the reversion of this half and the fee of the other undivided half are owned by the lessors. They are entitled to possession against everybody except their tenant in common, the widow, and can give a lease of the premises good as against every one who does not claim under her. *Rising* v. *Stannard*, 17 Mass. 282. *Cunningham* v. *Pattee*, 99 Mass. 248.

The only other point argued by the defendants is the exception to the ruling of the court that twenty-four hours' notice to the defendant Levi Martin would, under the circumstances of this case, be a reasonable notice. We do not discuss the correctness of this ruling, because it was immaterial, and was at least sufficiently favorable to the defendants. The bill of exceptions shows that the premises were let to Levi Martin and Peter L. Martin. They were tenants in common. It was admitted at the trial,

that, upon the evidence, a sufficient notice was served upon Peter L. Martin, and that the plaintiff was entitled to a verdict against him. It has been held that a notice to quit left on the premises with the wife or the agent of the tenant is a sufficient notice to terminate the tenancy. *Blish* v. *Harlow*, 15 Gray, 316. *Walker* v. *Sharpe*, 103 Mass. 154. *Clark* v. *Keliher*, 107 Mass. 406.

In the case at bar, it appeared that a notice addressed to both tenants was served four days before the suit was brought, by giving a copy in hand to Peter L. Martin upon the premises on which both tenants resided. The relation of one tenant in common to the estate and to his cotenant is such, that, in our opinion, this was a sufficient service upon both tenants, and the court should have so instructed the jury. The instructions given were too favorable to the defendants.          *Exceptions overruled.*