## KLEIN v. HILTON.

### No. 225.

Municipal Court of Appeals for the
District of Columbia.

Nov. 22, 1944.

Herman Miller, of Washington, D. C., for appellant.

Francis W. Taylor, of Washington, D. C. (Sylvester J. Aquino, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This is a landlord-tenant case. Plaintiff sued for possession of a dwelling house, claiming that she required the property for the immediate purpose of making substantial alterations and remodeling, a ground on which a landlord may recover possession under the Emergency Rent Act.[1] Trial was by jury and resulted in verdict and judgment for plaintiff. Defendant appeals.

1. Defendant contends the trial judge should have required plaintiff to "elect" whether the work of remodeling would be performed by the National Housing Agency or by a private builder, with both of whom she had negotiated. But as we see it this was not a situation involving an election of remedies or a choice between two inconsistent theories of law.[2] The ultimate showing required by the statute—the intention to remodel—was singular. It matters not that the landlord had in mind more than one method of accomplishing that purpose. Bad faith cannot be read into that circumstance alone.

But, says appellant, if the National Housing Agency was to do the work, then that agency and not the plaintiff should have brought the suit. In this contention we see no merit. The National Housing Agency was created by executive order[3] and to it were transferred all the housing functions of several government agencies which had theretofore been concerned with such matters. The housing Administrator was authorized, among other things, to finance mortgages in national-defense areas on properties ranging from single family dwellings[4] to large multiple-family proj-

---

[1] Code 1940, § 45—1601 et seq.

[2] See McFadden Securities Co. v. Stoneleigh Garage, Inc., 60 App.D.C. 400, 55 F.2d 1025.

[3] Ex. Ord. No. 9070, 7 Federal Register 1529, 50 U.S.C.A.Appendix, § 601 note.

[4] 12 U.S.C.A. § 1738.

ects[5] and also to acquire property and to perform various construction and remodeling work for the purpose of providing housing for "persons engaged in national-defense activities, and their families."[6]

 The fact that the landlord's arrangement with the National Housing Agency might take the form of a lease rather than a mortgage-insurance agreement did not constitute a violation of the Rent Act or necessarily divest her of her right to sue.

2. Plaintiff established that she had secured the approval of the District Commissioners of her plans for remodeling. But appellant says this was not enough and that she should have been required as a matter of law to prove that she could obtain from the War Production Board the necessary priority orders for the work.

The Rent Act makes no such requirement. It says that for a landlord to become entitled to possession he must establish that the plans had been "filed with and approved by the Commissioners of the District of Columbia."[7] The statute, plain in language, says nothing about priorities and the courts have no right to impose such an additional requirement upon an owner suing in these circumstances.

There may be cases where the evidence is unequivocal and where it is apparent that the landlord cannot possibly secure priorities and would find it impossible to do any remodeling. On such a showing of complete inability to remodel, an owner's claim for possession might be defeated because of a conclusion of bad faith or otherwise; but that, as we shall show in a moment, is not this case.

3. We turn now to the next question which deals with the refusal of the trial judge to direct a verdict for defendant. This centers principally around the question of priorities we have just mentioned. A witness for plaintiff, the contractor with whom she has negotiated, testified that he could obtain the necessary priorities and perform the work. A defense witness employed by the federal Housing Agency testified that no new quotas had been established for materials for such work and that though applications were being accepted he did not know when approval would be given because all quotas

were filled at that time (the time of the trial). He also testified that it was possible for the National Housing Agency to obtain priorities for such work without his knowledge. It will be seen that this was not an express contradication of plaintiff's evidence on the same point. Even if it were, it would still present a question for the jury. The evidence as a whole would not have justified the trial judge in ruling as a matter of law that there was not good faith in plaintiff's claim or that her need for the property was not "immediate"[8] within the meaning of the Rent Act.

Other arguments advanced by appellant are covered by what we have already said, or have been found without merit.

Affirmed.

---

[5] 12 U.S.C.A. § 1743.
[6] 42 U.S.C.A. § 1521 and with reference to the D.C. § 1561.

[7] Code 1940, § 45—1605(b) (4).
[8] Compare Gould v. Butler, D.C.Mun. App., 31 A.2d 867.