## DEWEY v. CLARK.
### No. 659.

Municipal Court of Appeals for the District of Columbia.

Sept. 21, 1948.

E. Hilton Jackson and J. Grahame Walker, both of Washington, D. C. (John W. Jackson, of Washington, D. C., on the brief), for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On March 27, 1948, Albert S. and Jeannette M. Corbin brought an action against George B. Dewey for possession of apartment No. 6 of an apartment house in the District of Columbia. The Corbins alleged that as owners and landlords they in good faith had sold the premises by contract to Shannon Clark and that said contract contained a representation by the purchaser that she desired possession in good faith for her immediate and personal use as her residence. Mrs. Clark was joined with the Corbins as a plaintiff. On April 21, over defendant's objection, an amended complaint was filed wherein Mrs. Clark was named as sole plaintiff and she alleged that as owner of the premises and as landlord she desired possession of the apartment in good faith for her immediate and personal use as her residence.

At trial there was introduced in evidence an agreement dated January 22, 1948, by which the Corbins agreed to sell to Mrs. Clark the apartment house, with settlement to be made within ninety days. There was also introduced the title company's settlement sheet showing that settlement under the contract was made on April 19, 1948, and it was stipulated that the deed of conveyance was recorded the same day. Mrs. Clark was awarded judgment for possession and the tenant has appealed.

The appeal raises the question of the propriety of the amended complaint. It is argued that the amendment sets forth a new cause of action and ought not to have been allowed.

In Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 68, 107 F.2d 263, 267, the court affirmed the action of the trial court in striking an amended declaration which set forth as an essential averment a fact which occurred after the filing of the original declaration. The court said:

"In our view of the case, the amended declaration stated a new cause of action. It is not an amendment of a cause of action defectively stated. The essential difference in the two declarations is the statement of a fact in the amended declaration which did not exist at the time the original was

filed and therefore cannot be considered as an amendement thereto. We cannot agree that it relates to the original declaration, but think it essentially independent thereof. We reach this conclusion upon the authority of United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 164, 34 S.Ct. 550, 58 L.Ed. 893; American Bonding & Trust Co. v. Gibson County, 6 Cir., 145 F. 871, 874, 7 Ann.Cas. 522; and, Eveland v. Detroit Machine Tool Co., D.C., 18 F.2d 968, 969."

■ Tested by the foregoing authority, which has not been changed by the Federal Rules of Civil Procedure,[1] 28 U.S.C.A., the amended complaint in this action was improperly allowed. In the original complaint the Corbins were the plaintiffs. Although Mrs. Clark was also named as a plaintiff it was the Corbins who as landlords sought possession. They sought possession under Section 5(b) (3) of the District of Columbia Emergency Rent Act,[2] which states one of the grounds upon which an action to recover possession of housing accommodations may be maintained to be:

"The landlord has in good faith contracted in writing to sell the property for immediate and personal use and occupancy as a dwelling by the purchaser and that the contract of sale contains a representation by the purchaser that the property is being purchased by him for such immediate and personal use and occupancy."

The amended complaint, in which Mrs. Clark alone was plaintiff, sought possession under section 5(b) (2),[3] which states another ground upon which an action for possession may be maintained to be:

"The landlord seeks in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling."

It is thus apparent that the basis upon which possession was sought in the amended complaint is not the same as the basis for the original complaint. The Corbins, as landlords, sought possession on the ground they had sold the property to Mrs.

Clark under a contract containing the required representation. On the other hand, Mrs. Clark, as landlord, sought possession on the ground she desired possession for her immediate and personal use.

The difference between the necessary averments of the two complaints is not one merely of form. When the seller files the complaint, he must allege and prove the contract of sale containing the required representation and his good faith in entering into such contract. When the buyer files the complaint he must allege and prove his good faith in seeking to recover possession for his immediate and personal use and occupancy as a dwelling. In the former the good faith of the seller is in issue; in the latter the issue is the good faith of the buyer. In the former the existence of the contract and representation is essential; in the latter it is not. In this case the defense to the original complaint was that the representation in the contract did not meet the statutory requirement. If established, this was a good defense to the original complaint but it was no defense to the amended complaint. It is evident that the entire ground for seeking possession was shifted by the filing of the amended complaint.

■ More important, however, than the difference in the grounds on which possession was sought is the fact that Mrs. Clark did not become owner of the premises and did not become landlord until nearly a month after the filing of the original complaint. Conceding that when in January the contract to purchase was executed she thereby became equitable owner, nevertheless she did not become landlord until the actual conveyance of the reversion to her in April. When the original complaint was filed Mrs. Clark was not the landlord and could not have brought the action on the basis stated in the amended complaint or on any other basis. When the original complaint was filed the Corbins were the landlords and they alone could maintain an action for possession and under the cir-

---

[1] Bowles v. Senderowitz, D.C.E.D.Pa., 65 F.Supp. 548, reversed in part on other grounds, Porter v. Senderowitz, 3 Cir., 158 F.2d 435.

[2] Code 1940, Supp. V, § 45—1605 (b) (3).

[3] Code 1940, Supp. V, § 45—1605 (b) (2).

cumstances of this case could maintain it only on the basis of their contract to sell. It is therefore plain that when the original complaint was filed Mrs. Clark had no right to maintain the action set forth in the amended complaint and that the amended complaint is based upon facts occurring after the filing of the original complaint. The amended complaint was not an amplification or modification of the action stated in the prior complaint; it was not an attempt to correctly state a previously defectively stated action; it was not a mere change of legal theory on the same state of facts. The amended complaint was the attempted substitution of a different factual basis from that relied on in the original complaint and this difference rested on facts occurring after filing of the original complaint. We conclude that the amended complaint was improperly filed and the judgment rendered thereon cannot stand.

Reversed.