## TATUM et al. v. TOWNSEND.
### No. 677.

Municipal Court of Appeals for the
District of Columbia.
Sept. 21, 1948.

Herman Miller, of Washington, D. C., for appellants.

John L. Hamilton, of Washington, D. C. (George E. Hamilton, Jr., of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellee, as landlord, brought suit for possession of a dwelling house in which the two defendants had been operating a rooming house. Landlord's claim was that she required possession in order to demolish the building and erect an apartment building on the lot and on five adjoining lots, and hence that she came within one of the excepting provisions of Section 5 of the Rent Act, D.C. Code 1940, § 45—1605. There was a verdict in favor of plaintiff, followed by judgment. This ap-

peal has been taken by the tenants who assign three errors.

1. The claim is made that the notice to quit was ineffective because served upon only one tenant Mrs. Tatum, the other tenant being at the time in a foreign country. But the evidence showed that the two defendants were not only cotenants of the property but also partners in the rooming house venture. We rule that under these circumstances notice to one tenant was sufficient.[1] Moreover, there was evidence that the notice did reach the wife of the other tenant, who was also his attorney-in-fact.

2. The trial judge refused to permit cross-examination of plaintiff as to whether she had materials available and subcontractors arranged, for the construction of the proposed apartment building. Tenants assign this ruling as error. It is true, as we have held,[2] that the landlord was not required to prove these facts as an essential part of her case in chief. But that does not mean that defendants had no right to explore the matter on cross-examination. Plaintiff's answers might have shed light on the issue of her good faith. It was error to refuse cross-examination on this subject.

3. Even more serious is the claim that the suit was prematurely filed. The suit, as we have seen, was based on the claim that the owner required possession for the purpose of demolishing the house and erecting a new building on the lot, this being one of the excepted grounds on which a landlord is permitted to claim possession under the Rent Act. It is set forth as follows in the Act:[3]

"No action or proceeding to recover possession of housing accommodations shall be maintainable by any landlord against any tenant * * * unless * * *

(4) The landlord seeks in good faith to recover possession for the immediate purpose of substantially altering, remodeling, or demolishing the property and replacing it with new construction, the plans for which altered, remodeled, or new construction *having been filed with and approved by the Commissioners of the District of Columbia * * *.*" (Emphasis supplied.)

The evidence revealed that the construction plans had not been approved by the District of Columbia Commissioners at the time the suit was filed, and that notice of such approval was not given to plaintiff until almost two months later, on the day before the trial of this case. Defendants by motion for directed verdict challenged the propriety of the suit, contending that it was prematurely filed and that plaintiff had no cause of action until the plans had first "been filed with and approved by the Commissioners of the District of Columbia." In overruling the motion the trial judge filed a memorandum in which he held that the provisions of the Act reciting that no possessory action "shall be maintainable" (unless one of the five excepted situations existed) applies to actions already brought but not yet reduced to judgment. He concluded "that it is not necessary as a preliminary to the right of action in this case that the plans for the erection of a new building on the premises should have been prepared and approved by the Commissioners first, but only that they should have been approved before judgment." With this conclusion we cannot agree. We think the rights of the parties and the status and condition of plaintiff's claim are to be tested by the facts as they existed on the day the suit was filed, and not by what developed or what plaintiff was able to accomplish between the filing date and the time of the trial. In two other cases, decided this day, we have made similar rulings.[4] This is in conformity with the rule which is hardly open to question, that no suit can be begun until a cause of action accrues to the plaintiff.[5]

[1] Grundy v. Martin, 143 Mass. 279, 9 N.E. 647; Gentry v. Citron, 36 Cal.App. 288, 171 P. 1079; McNally v. Leach, Mo. App., 205 S.W. 82.

[2] Klein v. Hilton, D.C.Mun.App., 40 A. 2d 77.

[3] Code 1940, Supp. V, § 45—1605 (b) (4).

[4] Dewey v. Clark, D.C.Mun.App., 61 A.2d 475; Thompson v. Clark, D.C.Mun. App., 61 A.2d 477.

[5] Arrick v. Fry, 8 App.D.C. 125; City

"Plaintiff's right to any recovery depended upon its right at the inception of the suit, and the nonexistence of a cause of action when the suit was started is a fatal defect, which cannot be cured by the accrual of a cause pending suit." [6]

In his memorandum the trial judge reasoned that to maintain a suit is to "uphold, continue on foot, and keep from collapse a suit already begun, or to prosecute a suit with effect." [7] But we think this language must be regarded as inclusive rather than exclusive. We think it refers to the right to continue on with a pending action without eliminating its applicability to the right to commence an action. Here we are dealing with a special statute which throws its protective cloak around all tenants of dwelling property in the District of Columbia and says that no landlord shall have the right to disturb their possession unless he can show that one of the excepted situations exists. This cannot mean, as we read the Act, that a landlord may sue first, at a time when he has no right to sue, and then by a new set of circumstances which he manages to develop later on, obtain a valid judgment.

As applied to this case we think the language of the Circuit Court of Appeals for the Second Circuit in New York Times Co. v. Sun Printing & Pub. Ass'n, 204 F. 586, 588, is especially apt. There the Court was dealing with a statute which prescribed that "no action or proceeding shall be maintained for infringement of copyright" until certain provisions of the Act have been complied with. 17 U.S.C. A. § 12. The Court rejected an attempt to draw a distinction, like the one made here, between "maintained" and "begun", and rejected also the argument that an action may be commenced which cannot be maintained. The Court said:

"Even if it be assumed that such an action may be commenced, the moment it is examined, it is found that it cannot be maintained. That is, it cannot be sustained, preserved or kept in being, * * * no judgment for the plaintiff can be entered therein."

Reversed.

---

of Trinidad v. Hokasona, 8 Cir., 178 F. 438; Westchester Apartments v. Keroes, D.C.Mun.App., 32 A.2d 869.

[6] American Bonding & Trust Co. v. Gibson County, 6 Cir., 145 F. 871, 874, 7 Ann.Cas. 522.

[7] Citing George Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265, and Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152.