**Mihail ZANAKIS, t/a Michael's Corner, Appellant,**

**v.**

**BRAWNER BUILDING, INC., Appellee.**

**No. 10339.**

District of Columbia Court of Appeals.

Argued Nov. 17, 1976.

Decided Sept. 1, 1977.

Donald Cefaratti, Jr., Washington, D. C., for appellant.

---

Edgar T. Bellinger, Washington, D. C., with whom John C. Hayes, Jr., Washington, D. C., was on the brief, for appellee.

Before KELLY and HARRIS, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

This is an appeal from a summary judgment for possession in an action brought by Brawner Building, Inc. against a tenant operating a restaurant in the basement of a downtown office building pursuant to a written lease for a seven-year term from January 1, 1968 to December 31, 1975. On July 10, 1975, several months before the lease was to expire, the landlord began an action for possession, alleging in its complaint that the tenant was four months in arrears on rental payments and had breached a covenant in the lease. In his answer, the tenant denied any default or breach and demanded a jury trial. He also filed an action for damages based on a supplemental agreement and business harassment. On October 23, 1975, both actions were consolidated for trial on the tenant's motion and a trial date was set but continued until January 12, 1976.

Brawner Building then moved for and was granted a protective order requiring the tenant to pay into the registry three months' accrued back rent and also the regular rent on or before the first of each succeeding month thereafter. The tenant complied, depositing the three months' rent in mid-November and the regular rent for December on the first of that month.

When the case was not heard on the date originally set for trial, the landlord, on December 9, 1975, moved for a partial summary judgment, effective January 1, 1976, on the ground that the lease by its own terms would terminate on December 31. On that date, the tenant filed an opposition, asserting that the landlord had previously agreed to renew the lease and that in reliance upon

such understanding, the tenant had undertaken the operation of a carry-out restaurant at the landlord's request. The court, however, granted the motion and ordered the tenant to surrender the premises on the 31st, but stayed the order to January 2, 1976 to permit the tenant to note an appeal. This order was dated December 31, 1975.

The tenant contends that the trial court erred in granting possession based not upon the causes of action set forth in the complaint, but upon a motion which at the time of filing stated a ground for relief based upon an event which had not yet occurred—continued occupancy after the expiration date of the lease. We find appellant's prematurity argument persuasive. In *Tatum v. Townsend*, D.C.Mun.App., 61 A.2d 478, 479 (1948), we observed:

We think the rights of the parties and the status and condition of plaintiff's claim are to be tested by the facts as they existed on the day the suit was filed, and not by what developed or what plaintiff was able to accomplish between the filing date and the time of the trial. In two other cases, decided this day, we have made similar rulings. This is in conformity with the rule which is hardly open to question, that no suit can be begun until a cause of action accrues to the plaintiff. (Footnotes omitted.)

Had the landlord waited until after the December 31 termination date and then moved to amend its original complaint on the ground that the tenant had not vacated the premises, it appears that a right of action would have accrued under D.C. Code 1973, § 45–910.[1]

We cannot accept the lessor's contention that the case is moot because the premises are no longer occupied by the tenant, for the latter never unequivocally conceded the landlord's right to possession, but immediately moved for summary reversal.

---

1. § 45–910. Ejectment or summary proceedings.

Whenever a lease for any definite term shall expire, or any tenancy shall be terminated by notice as aforesaid, and the tenant shall fail or refuse to surrender possession of the leased premises, the landlord may bring an action of ejectment to recover possession in the [Superior] Court for the District of Columbia . . . .

*Hohensee v. Manchester,* D.C.Mun.App., 102 A.2d 461, *cert. denied,* 348 U.S. 864, 75 S.Ct. 89, 99 L.Ed. 681 (1954). Hence, we deem *Atkins v. United States,* D.C.App., 283 A.2d 204 (1971), and *Dietz v. Miles Holding Corporation,* D.C.App., 277 A.2d 108 (1971), as distinguishable, for the holding of mootness in those cases was grounded upon voluntary departure of the tenants from the leased properties. Here a substantial controversy between the landlord and the tenant existed and still persists. *Cf. Atkins v. United States, supra* at 205.

Accordingly, the judgment for possession is set aside, and the case is remanded with instructions to set an expedited trial date.

*Reversed and remanded.*

HARRIS, Associate Judge, concurring in part and dissenting in part:

I concur in the result reached, but respectfully disagree with the basis for the majority's decision.

The complaint in the landlord's possessory action was filed on July 10, 1975. It cited two grounds: (1) nonpayment of rent due in the total amount of $3,281.60, and (2) an assertion (based on a provision of the lease) that the tenant's restaurant business was being conducted in a way which reflected adversely on the landlord's "reputation of excellence of quality both of service and good will." The landlord sought an expedited trial date, but the dispute continued unresolved until early December.

The lease was a part of the record.[1] By its terms, it was to expire on December 31, 1975. A trial date had been set for January 12, 1976. On December 9, 1975, the landlord filed its motion for a partial summary judgment [*see* Super.Ct.L&TR. 13(b)], contending that the issues raised by the original complaint for possession would be mooted by the expiration of the lease, and that a summary judgment for possession accordingly would be appropriate. The trial court agreed, and granted the motion.[2]

I believe the trial court's consideration of the imminent expiration of the lease to have been quite proper. The majority relies exclusively on the opinion of this court's predecessor in *Tatum v. Townsend,* D.C. Mun.App., 61 A.2d 478 (1948). In that case, a complaint had been filed before a jurisdictionally necessary precondition for relief came into existence. Neither a cause of action nor a right of action had accrued to the plaintiff at the time the complaint was filed in *Tatum,* and the court properly held that such a deficiency could not be cured by a later development.[3]

Here, however, the landlord had both a cause of action and a right of action when its complaint was filed. To be sure, when the possessory action was initiated, more than five and one-half months remained on the lease. Nonetheless, the expiration date was an existing fact which was a matter of record and beyond dispute.

When delays resulted in a trial date set for 12 days past the date of the expiration of the lease, the landlord quite properly called that fact to the court's attention by its motion for partial summary judgment. It must be borne in mind that possessory actions are summary in nature, *see* Super. Ct.L & TR. 1, 2, and 10, and the rules governing them are to be "construed to

---

1. Super.Ct.Civ.R. 10(c), which is incorporated in the Landlord and Tenant Rules by Rule 2 of the latter, provides in part:

   A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

2. The judgment for possession was entered December 31, 1975 (the day on which the lease terminated), and its effectiveness was stayed until January 2, 1976. The tenant was permitted to remain on the premises on condition "that the defendant pay into the Registry of the Court on the first day of January, 1976, and on the first of each month thereafter until he has vacated the premises, the sum of $1,529.00." He elected not to do so.

3. In *Jones v. Pledger,* 124 U.S.App.D.C. 254, 256, 363 F.2d 986, 988 (1966), the circuit court stated:

   A right of action is a remedial right affording redress for the infringement of a legal right belonging to some definite person, whereas a cause of action is the operative facts which give rise to such right of action. [Quoting *Fielder v. Ohio Edison Co.,* 158 Ohio St. 375, 382, 109 N.E.2d 855, 859 (1952).]

secure the just, speedy, and inexpensive determination of every action." [4] Super.Ct.L & TR. 1. Although the landlord could not have filed a complaint for possession based upon the expiration of the lease (under D.C. Code 1973, § 45–910) until the lease expired, here the controversy between the parties was fully at issue and the passage of time gave rise to "a mere change of legal theory on the same state of facts." *Dewey v. Clark,* D.C.Mun.App., 61 A.2d 475, 477 (1948). It would have been imprudent for the landlord not to have called the imminent termination of the lease to the court's attention, and it would have been both artificial and pointless for the court to have ignored such a controlling fact of record. I believe the trial court was wholly justified in considering the expiration of the lease in ruling on the motion for partial summary judgment.

Although I disagree with the majority's reasoning, I believe the result is correct for another reason. Super.Ct.Civ.R. 56(c) authorizes summary judgment only where the record reveals that "there is no genuine issue as to any material fact" and the movant "is entitled to a judgment as a matter of law." The tenant interposed a defense of detrimental reliance based upon an alleged oral promise by the landlord to extend the lease term.[5] The tenant's claim had some record support, and was not necessarily barred by the statute of frauds.[6] *See Amberger & Wohlfarth, Inc. v. District of Columbia,* D.C.App., 300 A.2d 460, 463 (1973) (partial or complete performance under an oral contract may remove a case from the applicability of the statute). A genuine issue of material fact thus was presented to the trial court, and its resolution was indispensable to a proper disposi-

tion of the case. For this reason, in my view, the judgment for possession must be set aside. Accordingly, I concur in the result.

---

**4.** Super.Ct.Civ.R. 8(f), also incorporated by reference in the Landlord and Tenant Rules, states in part: "All pleadings shall be so construed as to do substantial justice."

**5.** No such defense was set forth in the tenant's answer to the landlord's complaint; the claim was advanced for the first time in the tenant's separate action against the landlord for damages. (That action was consolidated with the possessory action.)

**6.** A different trial judge denied an earlier motion by the landlord for summary judgment, stating in an order dated October 23, 1975:

Upon consideration of the plaintiff's motion for summary judgment, the opposition filed thereto and arguments thereon, and it appearing to the satisfaction of the Court that the alleged oral agreement contended for by the defendant is performable within one year and that it is without the Statute of Frauds. . . .