[Civ. No. 2304. Second Appellate District.—February 18, 1918.]

## F. V. GENTRY, Respondent, v. U. CITRON et al., Appellants.

UNLAWFUL DETAINER—NOTICE TO QUIT—SERVICE UPON ONE OF TWO LESSEES.—Service upon one of two lessees who had bound themselves as coparties to a lease, of the three days' notice to quit provided in subdivision 2, section 1161, of the Code of Civil Procedure, the notice being addressed to both lessees, is sufficient to terminate the tenancy and to justify the commencement of an action in unlawful detainer.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. H. Thomas, Judge Presiding.

The facts are stated in the opinion of the court.

Paul W. Schenck, and Jos. Citron, for Appellants.

Alfred W. Allen, and Fred W. Heatherly, for Respondent.

WORKS, J., pro tem.—This is an action for unlawful detainer, in which the defendants appeal from a judgment against them.

The defendants together occupied the premises which are the subject of the action, under a written lease executed by the plaintiff. Before the commencement of the action the plaintiff served upon one of the lessees the three days' notice to quit which is provided for in subdivision 2, section 1161, Code of Civil Procedure, the notice having been addressed to both lessees. The statute mentioned requires service of the notice upon "the tenant," and the appellants contend that a service upon one of two tenants situated as they are is insufficient. The point is untenable. As the lessees had bound themselves together as coparties to the lease, standing thus in opposition to the respondent, the lessor, they occupied as between themselves and as to him a relationship kindred to that of copartners, if, in fact, they might not actually have been regarded by him as copartners (*Spencer* v. *Barnes*, 25 Cal. App. 139, [142 Pac. 1088]), which latter point we do not, however, decide. A notice to one of copartners binds the partnership (*Burritt* v. *Dickson*, 8 Cal. 113), and we can see

no reason why the spirit and justice of the rule do not require its application to such a case as is here presented. In fact, it has been determined in other jurisdictions that where two or more tenants hold either jointly or in common, a service of notice to quit upon one of them is sufficient to terminate the tenancy of all. (16 R. C. L., p. 1176; 24 Cyc., p. 1332.)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.