[Civ. No. 26195. Second Dist., Div. One. Oct. 23, 1962.]

UNIVERSITY OF SOUTHERN CALIFORNIA, Plaintiff and Respondent, v. MORRIS WEISS et al., Defendants and Appellants.

Joseph W. Fairfield and Ethelyn F. Black for Defendants and Appellants.

Musick, Peeler & Garrett and Charles H. Tillinghast for Plaintiff and Respondent.

WOOD, P. J.—In this action in unlawful detainer, the defendants appeal from a summary judgment which was in favor of plaintiff.

Appellants contend that the affidavit filed in support of the motion for a summary judgment is insufficient as a matter of law to support the judgment.

The complaint alleges, in substance, that: On September 1, 1960, plaintiff, by written lease, leased certain real property (near Third Street and Fairfax Avenue in Los Angeles) to defendants on a month-to-month tenancy at a monthly rental of $575; by virtue of said lease defendants entered into possession of the premises on September 15, 1960, and ever since have been and now are in possession thereof; on April 21, 1961, plaintiff caused to be mailed to defendants, at the address of the property, a "thirty-days' written notice" that said tenancy was terminated as of June 30, 1961, and "requiring" defendants to quit and deliver possession of said premises on or before said date; a copy of said notice is attached to the complaint, marked "Exhibit A," and made a part thereof;[1]

[1] "April 21, 1961

"Torath Emeth Young Israel Academy
167 South Edinburgh Avenue
Los Angeles 48, California.

ATTENTION: Rabbi Isacsohn

Gentlemen:

Pursuant to that lease between you and the University of Southern California, whereby you are occupying the premises at 167 South Edinburgh Avenue, Los Angeles, on a month to month tenancy, this is to

on May 24, 1961, defendant Isacsohn acknowledged receipt of said notice and stated that defendants would deliver possession of the premises to plaintiff as required in said notice; the date of termination of said lease has passed, and plaintiff is entitled to possession of the premises; defendants continue in possession thereof wilfully, without permission of plaintiff, and contrary to the terms of the lease; paragraph 10 of said lease provides that in the event suit shall be brought for unlawful detainer, lessees shall pay to lessor reasonable attorneys' fees to be fixed by the court; a copy of said lease is attached to the complaint, marked "Exhibit B," and made a part thereof. The prayer is for: a declaration that the tenancy is terminated; restitution of the premises; treble damages at the rate of $57 a day for each day defendants have been and shall continue to be in possession of the premises after June 30, 1961; and reasonable attorney's fees.

In an answer (filed July 18, 1961) the defendants denied the allegations of the complaint with respect to: mailing the notice of termination of the lease; the acknowledgment by defendant Isacsohn of receipt of the notice; the statement by Isacsohn that defendants would deliver possession of the premises to plaintiff as required by the notice; the plaintiff being entitled to possession of the premises; and the defendants continuing in possession without permission of plaintiff and contrary to the terms of the lease.

As a separate defense, defendants alleged in their answer that, about June 30, 1961, the plaintiffs "indicated to defendants" that they could remain in possession of said premises for a further period of time to be agreed upon between the parties; as a result thereof defendants made necessary arrangements to improve the condition of the grounds and school for the reception of students, and defendants incurred expenses in connection therewith; as a result thereof plaintiff is estopped to maintain this proceeding.

As a second separate defense, defendants alleged as follows: That the property in question has been used by them as a private elementary school for the past six or seven years.

give you notice that you must vacate said premises and restore the University to possession not later than June 30, 1961.

> Very truly yours,
> Charles H. Tillinghast
> for Musick, Peeler & Garrett
> Attorneys for the University
> of Southern California."

On July 3, 1961, they commenced an eminent domain action to condemn said land for continued use as such school. On July 14, 1961, a demurrer to said action was sustained without leave to amend. Defendants have advised plaintiff that an appeal from that judgment will be prosecuted. If defendants are successful in the eminent domain action, any future action in unlawful detainer will become moot. That under the circumstances the trial of this cause (unlawful detainer) be stayed until final determination of the eminent domain action, and that the defendants continue to pay their rent of $575 a month until final determination of the eminent domain action.

On July 19, 1961, plaintiff filed a notice of motion for summary judgment, which stated that on August 1, 1961, plaintiff would make a motion for an order striking out the answer, for entry of judgment as requested in the complaint; and that the motion would be made on the ground that there is no defense to said action.

The affidavit of Charles H. Tillinghast, in support of the motion, stated: He is the attorney for plaintiff in this action. About April 21, 1961, he caused the notice, a copy of which is attached to the complaint, to be mailed to defendants at 167 South Edinburgh Avenue, Los Angeles. On May 24, 1961, he telephoned to defendant Torath Emeth Young Israel Academy and asked to speak to defendant Isacsohn. Affiant has spoken to defendant Isacsohn in the past and is familiar with his voice, and defendant Isacsohn answered the telephone. Affiant asked Isacsohn if he had received the said notice to vacate the premises and he acknowledged that he had received the notice. Isacsohn further stated that defendants would vacate the premises not later than June 30, 1961. Affiant at no time indicated to defendants that they could remain in possession of said premises for a further period of time to be agreed upon between the parties, and affiant is informed and believes and on the basis of such information and belief states that at no time did any representative of plaintiff indicate to defendants that they could remain in possession of said premises for a further period of time to be agreed upon between the parties.

Defendants did not file an affidavit regarding the motion for summary judgment. In their brief, they state that they preferred to oppose the motion on the insufficiency and defects of plaintiff's affidavit.

When the motion was heard on August 1, 1961, an attorney representing plaintiff, and an attorney representing defend-

ants, were present. On that day the motion was granted. On August 2, 1961, a judgment, based upon the granting of said motion, was entered. The judgment decreed that the defendants were guilty of unlawful detainer of the premises; that plaintiff is entitled to possession; that plaintiff recover $575 as damages for detention of the premises from July 1 through July 31, 1961, with costs of $26.50; that plaintiff recover $500 as reasonable attorney's fees; defendants' motion to stay judgment for five days is denied; and the clerk is ordered to issue a writ of possession that plaintiff be restored to possession forthwith.

On August 7, 1961, defendant academy petitioned the District Court of Appeal for a writ of mandate directing the trial court to order a stay of execution, pending an appeal from the judgment. That petition was denied on August 19. On August 25 the academy filed a petition for a hearing in the Supreme Court, which petition was denied on September 14, 1961.

On September 1, 1961, pursuant to the writ of possession, plaintiff obtained possession of the premises.

Plaintiff (respondent) has made a motion to dismiss the appeal. An affidavit of the business manager of the plaintiff states the plaintiff (University) owns certain real property at the southeast corner of Third Street and Fairfax Avenue in Los Angeles, upon which it is engaged in the construction of a shopping center; that some of the units in the shopping center have been completed and are occupied by tenants; that plaintiff was required by the leases with some of those tenants (Safeway Stores, Inc., J. J. Newberry Co., and Sav-On Drugs, Inc.) to provide, for said tenants, employee parking facilities on the property which is the subject of this unlawful detainer action; about September 1, 1961, plaintiff took possession of the property involved here; about October 1, 1961, plaintiff commenced to remove the buildings from said property and subsequently improved it as a parking lot, which is now used for parking by the employees of the tenants.

In plaintiff's (respondent's) points and authorities in support of the motion to dismiss, it is stated (p. 9) that restoration of possession of the premises (to defendants) is impossible since no building exists in which to conduct a school; and thus, the relief sought on appeal by defendants is impossible to give and the matter has become moot. It is stated further therein that the remedy of restoring defendants for a 30-day period would work a much greater hardship on respondent and

the third-party users of the property (tenants and their employees) than could be justified by benefit to defendants; and that defendants have not sustained any injury.

Appellants assert that the sole question on appeal is whether the affidavit of Mr. Tillinghast, in support of respondent's (plaintiff's) motion for summary judgment is sufficient. They argue that there is no statement in the affidavit that the facts set forth therein are within affiant's personal knowledge and that if he were sworn as a witness he could testify competently thereto; that the only "possible" fact stated in his affidavit is that he asked defendant Isacsohn if he had received the notice, and that Isacsohn acknowledged he had received it, and stated further that defendants would vacate the premises not later than June 30, 1961. Appellants argue further that there are several issues in the case that are not mentioned in the affidavit, and that those omissions are significant since plaintiff cannot prevail in a summary judgment proceeding unless its affidavits cover every element necessary to sustain a judgment in its favor. They state that issues, so omitted, are: the first affirmative defense which refers to an agreement made about June 30, 1961 (to the effect that defendants might remain in possession for a time to be agreed upon); whether Weiss and Rothman were advised of the notice to quit; whether Isacsohn was the agent of Weiss or Rothman or the academy; the amount of damages, if any.

The defendants have appeared in action by answering the complaint. The answer does not state the names of the defendants but since the defendants named in the complaint are Weiss, Isacsohn, Rothman, and the academy, it will be assumed that those persons are the appearing defendants. ■ In a summary judgment proceeding, reference may be made to the pleadings for the purpose of defining the issues (*Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344, 348 [333 P.2d 142]), but such reference may not be made for the purpose of remedying a failure to state facts in an affidavit. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 263 [223 P.2d 244].) The answer did not deny the allegations of the complaint that plaintiff is a corporation; that on September 1, 1960, the plaintiff, by written lease, leased said property to defendants on a month-to-month tenancy at a monthly rental of $575; that by virtue of the lease defendants went into possession of the premises on September 15, 1960, and are now in possession thereof; that the lease provides that in the event suit shall be brought for unlawful detainer, lessees shall pay reasonable

attorney's fees to be fixed by the court; that a copy of the lease is attached to the complaint.

It thus appears that since the allegations of the complaint, just referred to, were admitted by failing to deny them, there was no issue as to: the capacity of the plaintiff; the making of the lease and the terms thereof; the possession of the premises by defendant at the time of answering; the agreement by defendants to pay attorney's fees. It is true that the affidavit in support of the motion did not contain a statement of those admitted facts, but it is clear that stating such facts again in the affidavit would not serve any useful purpose in connection with a determination of the facts of the case— those facts were already determined by defendant's admissions. It was not necessary to state such admitted facts in the affidavit. (*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal. App.2d Supp. 745, 752-753 [68 P.2d 322].) In the case just cited it was said at pages 752 and 753: "According to the terms of section 462 [of the Code of Civil Procedure],[2] a fact admitted in the answer becomes an established fact *for the purpose of the action*. [Citation.] At a trial of the action the plaintiff need not prove such a fact and the defendant cannot dispute it, nor can it be overcome even by a contrary finding. [Citation.] The affidavits on a motion for summary judgment do not constitute a second set of pleadings in the action. Their purpose is only to show whether the issues apparently made by the formal pleadings are genuine, whether each party has competent evidence to offer which tends to support his side of the issue. On the hearing of such a motion no issues are tried, but the inquiry is limited to the question whether there is an issue to be tried. [Citations.] If the motion is denied for insufficiency of the plaintiff's affidavits, he will not be required, at the trial which must follow, to prove any fact covered by the quoted provision of section 462, because there is no issue regarding it. Why then should he be required to show his ability to prove it, at a hearing intended merely to disclose the reality or unreality of the issues made? Section 462, if applicable here, relieves him from doing so. By its terms it covers such a case, and nothing in the language of section 437c [summary judgment section] demands that such a case be excluded from the operation of section 462; nor is such exclusion required for the

---

[2]Section 462 of the Code of Civil Procedure provides: "'Every material allegation of the complaint, not controverted by the answer, must, for the purpose of the action, be taken as true; . . . .'"

purpose or spirit of said section 437c.'' That quotation from the *Gardenswartz* case is adopted by this court as a correct state of law applicable in the present case.

The answer of defendants denied generally and specifically paragraphs IV and V of the complaint.

Paragraph IV of the complaint alleged: ''On April 21, 1961 plaintiff caused to be mailed to defendants at 167 South Edinburgh Avenue, a thirty days' written notice that said tenancy was terminated as of June 30, 1961 and requiring defendants to quit and deliver up possession of said premises on or before said date. A copy of said notice is attached hereto marked Exhibit A and made a part hereof. On May 24, 1961, defendant Isacsohn acknowledged receipt of said notice and stated that defendants would deliver possession of the premises to plaintiff as in said notice required.''

The affidavit on behalf of plaintiff, in support of the motion for summary judgment, has been referred to hereinabove. With respect to the allegations of paragraph IV of the complaint, which allegations were denied in defendants' answer, the affidavit states in substance that the affiant is the attorney for plaintiff; about April 21, 1961, he caused the notice, a copy of which is attached to the complaint, to be mailed to defendants (at the address of the academy); on May 24, 1961, he telephoned to the academy and spoke to defendant Isacsohn, with whose voice he was familiar; he (affiant) asked Isacsohn if he had received the notice to vacate the premises and he acknowledged that he had received it, and Isacsohn stated further that defendants would vacate the premises not later than June 30, 1961.

As above stated, the defendants did not file an affidavit regarding the motion. The trial court could properly find, in accordance with the statements in Mr. Tillinghast's affidavit, that the facts with respect to giving notice to Isacsohn, and with respect to Isacsohn stating that defendants would vacate the premises, were as stated in the affidavit. In other words, under the affidavit on behalf of plaintiff, the court could properly find that the notice was mailed to the address of the academy, that Isacsohn admitted that he received it, and said that defendants would vacate the premises not later than June 30.

The question arises as to whether the giving of notice to Isacsohn in the manner stated in the affidavit was proper service of notice of termination of a month-to-month tenancy as required by section 1946 of the Civil Code. That

section states that such notice shall be given as prescribed in section 1162 of the Code of Civil Procedure. One method of serving such notice, as provided in said section 1162, is by delivering a copy (of the notice) to the tenant personally. (Two other methods are provided therein, but those methods are not applicable herein.) In the present case the copy of the notice was not delivered to Isacsohn personally by plaintiff's attorney, but it was mailed to him and he admitted that he received it. This method of serving the notice was a sufficient compliance with the provision in said section 1162 as to personal service. In *Colyear* v. *Tobriner,* 7 Cal.2d 735 [62 P.2d 741, 109 A.L.R. 191]], a notice terminating a month-to-month tenancy was sent by mail to the tenant, Colyear. It was said therein at page 743: "As to the matter of notice, it may be said that where a statute requires notice and does not specify how it shall be given, the presumption is that personal service is required. . . . This rule applies to notice of termination of tenancy given under section 1946 of the Civil Code. . . . Section 1012 of the Code of Civil Procedure, providing for service by mail relates to actions and proceedings provided for in the Code of Civil Procedure, and does not apply generally to all cases where notice is required to be given, independent of any action, under the Civil Code. However, personal service may be made through the instrumentality of the mails. The post office department, as well as any other type of messenger, may be used to effect personal service. (*Shearman* v. *Jorgensen,* 106 Cal. 483 [39 P. 863]; *Heinlen* v. *Heilbron,* 94 Cal. 636 [30 P. 8].)" In the *Shearman* case, referred to in the cited *Colyear* case, it was said at page 485: "[H]e admits that he received the notice through the postoffice December 9th, and this in law amounted to a *personal service.*" (See also *Hunstock* v. *Estate Development Corp.,* 22 Cal.2d 205, 211 [138 P.2d 1, 148 A.L.R. 968]; *Reserve Oil & Gas Co.* v. *Metzenbaum,* 84 Cal.App.2d 769, 774 [191 P.2d 796].) In the present case the court could find, from the statements in plaintiff's affidavit with respect to mailing the notice and with respect to Isacsohn receiving it, that Isacsohn was served properly with notice of termination of the tenancy.

 A further question arises as to whether the other defendants, Weiss, Rothman, and the academy, were served with the notice of termination. The service of the notice on Isacsohn was notice to the other defendants. In *Gentry* v. *Citron,* 36 Cal.App. 288 [171 P. 1079], which was an unlawful detainer action, a three-days' notice to quit was served upon

one of the two lessees. Appellants therein (tenants) contended that such service was insufficient. The court said (p. 288): "The point is untenable. As the lessees had bound themselves together as coparties to the lease, standing thus in opposition to the respondent, the lessor, they occupied as between themselves and as to him a relationship kindred to that of copartners, if, in fact, they might not actually have been regarded by him as copartners [citation], which latter point we do not, however, decide. A notice to one of copartners binds the partnership [citation], and we can see no reason why the spirit and justice of the rule do not require its application to such a case as is here presented. In fact, it has been determined in other jurisdictions that where two or more tenants hold either jointly or in common, a service of notice to quit upon one of them is sufficient to terminate the tenancy of all." In the present case, the court could find, from the statements in plaintiff's affidavit, that all the defendants were served properly with the notice of termination.

As above stated, appellants argue that there is no statement in the affidavit that the facts set forth therein are within affiant's personal knowledge and if he were sworn as a witness he could testify competently thereto. ■■■■ The statements in the affidavit regarding the mailing of the notice and regarding the telephone conversation with Isacsohn are statements of fact which patently are within the affiant's personal knowledge as to which he could testify competently. Under such circumstances it was not necessary to state expressly in the affidavit that such matters were within affiant's personal knowledge and he could testify competently thereto. In *Schessler* v. *Keck*, 138 Cal.App.2d 663, 670 [292 P.2d 314], it was said: "It appears that defendants' affidavits speak of things that are within the personal knowledge of the respective affiants, and when that appears the statute has been complied with." (See also *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 564 [277 P.2d 464].)

This concludes the discussion with respect to the affidavit as to the issues presented by paragraph IV of the complaint and the denial thereof by defendants.

Paragraph V of the complaint, which was denied by defendants, alleged: "The date of termination of said lease has passed and plaintiff is entitled to possession of said premises. Defendants continue in possession thereof wilfully, without permission of plaintiff and contrary to the terms and provisions of said agreement." The affidavit filed on behalf of plaintiff did

not include a statement expressly referring to the allegations of paragraph V or the denial thereof. The paragraph is in effect an allegation as to the ultimate legal conclusion to be made in deciding the case, that is, the allegation is that plaintiff is entitled to possession and the defendants are in possession wilfully. The facts, upon which to base the ultimate legal conclusion herein, are those established by the uncontroverted or admitted allegations of the complaint and those found by the court from a consideration of the affidavit filed on behalf of plaintiff. It thus appears that no factual issue was presented by paragraph V and the denial thereof.

Reference is now made to defendants' purported first affirmative defense stated hereinabove. It was therein alleged, in part, that the plaintiff "indicated to defendants" that they could remain in possession of said premises for a further period of time to be agreed upon between the parties. Since the defendants did not file an affidavit in support of such alleged defense, there was nothing before the court from which it could determine that the formal pleaded defense was genuine and presented a triable issue of fact. (See *Coyne* v. *Krempels*, 36 Cal.2d 257, 262 [223 P.2d 244] ; *Murphy* v. *Kelly*, 137 Cal.App.2d 21, 27 [289 P.2d 565] ; *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 563 [277 P.2d 464].) Respondent (plaintiff) herein was not required to negative, in its affidavit, a possible matter of defense. (*Best* v. *Burch*, 132 Cal.App.2d 859, 862 [283 P.2d 262].) Furthermore, it is to be noted that such first affirmative defense herein does not state facts sufficient to constitute a defense—the allegation is that plaintiff "indicated to defendants" that they could remain in possession for a time to be agreed upon. There was no allegation as to facts from which it might be concluded that plaintiff agreed that defendants might remain in possession. No material issue of fact was presented by the first affirmative defense, and plaintiff was not required to negative such a purported defense.

The second purported affirmative defense was to the effect that defendant, Torath Emeth Young Israel Academy, had commenced an eminent domain action on July 3, 1961 (the same day this unlawful detainer action was commenced), for the purpose of condemning the subject property (which it occupied as tenant) for use as a school. Appellants do not discuss this asserted defense in their briefs. Of course, the fact that such an action was commenced by the academy is not a defense to plaintiff's claim of right of possession in its unlaw-

ful detainer action. Alleging such defense herein is in effect asserting that the owner of the property is not now entitled to possession because the tenant is presently engaged in the initial stages of a protracted and speculative attempt, by means of an eminent domain action, to deprive the owner of its title to the property in the distant future. ▮ The plaintiff was not required to state, in its affidavit, facts establishing the futility of such an asserted defense.

▮ The answer of the defendants did not deny or refer to the allegations of the complaint regarding attorney's fees. It therefore appears that the defendants admitted the allegation of the complaint that the lease provides that in the event an unlawful detainer suit is brought the defendants shall pay to the lessor reasonable attorney's fees to be fixed by the court. There was no issue as to attorney's fees.

▮ Appellants assert that $575, as rental for the month of July, should not have been included in the judgment, for the reason the affidavit on behalf of plaintiff did not justify it. The complaint alleged the making of the lease and the terms thereof, which included an allegation that the monthly rental was $575. That allegation was admitted by failing to deny it. Furthermore, in their asserted eminent domain defense, the defendants in asking that the unlawful detainer action be stayed until final determination of the eminent domain action, asked that meanwhile the defendants continue to pay their rent of $575 a month. There was no issue as to the amount of the monthly rental.

The motion to dismiss the appeal is denied.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied November 19, 1962, and appellants' petition for a hearing by the Supreme Court was denied December 19, 1962.