[Civ. No. 30464. First Dist., Div. One. Nov. 9, 1973.]

ROSEMARY THIERFELDT et al., Plaintiffs and Appellants, v.
MARIN HOSPITAL DISTRICT et al., Defendants and Respondents.

**COUNSEL**

Werchick & Werchick, Arne Werchick and Justin A. Roberts for Plaintiffs and Appellants.

Freitas, Allen, McCarthy, Bettini & MacMahon and Joseph L. Lemon for Defendants and Respondents.

**OPINION**

SIMS, J.—Plaintiffs have appealed from a judgment in favor of defendant Marin Hospital District, a public entity, for its cost of suit.[1] The judgment followed the entry of an order granting that defendant's motion for an order to strike the plaintiffs' first amended complaint and to dismiss the action with prejudice, which motion, after the court's decision to grant it, was at the request of the plaintiffs, resubmitted as a motion for summary judgment and again granted.[2]

---

[1] In this comedy of errors the notice of appeal reads "that the plaintiffs . . . do hereby appeal *to the Superior Court of the State of California, in and for the County of Marin,* from the judgment made and entered in the above entitled action in favor of defendants MARIN HOSPITAL DISTRICT and MARIN GENERAL HOSPITAL and against plaintiffs." (Italics added.)

Defendant's motion to dismiss because of the improper designation of the court to which the appeal was taken has been denied. The judgment refers only to "Marin Hospital District." The formal order granting defendant's motion reads, "IT IS HEREBY ORDERED that the First Amended Complaint of the Plaintiffs is hereby dismissed as to Defendant MARIN GENERAL HOSPITAL and judgment be entered for Defendant MARIN HOSPITAL DISTRICT." Since the record reflects that Marin General Hospital is merely the designation of the facility operated by the District, and it is not a party to the judgment "Marin Hospital District" is considered as the sole defendant and respondent for purposes of this appeal.

[2] The order of the court on the motion reads: "The Motion of the Defendant MARIN HOSPITAL DISTRICT herein for an Order to Strike First Amended Complaint and to Dismiss Action with Prejudice came on regularly for hearing on November 3, 1970, upon notice duly and regularly served; . . . . The matter was argued and submitted upon records and evidence judicially noticed and the Court found the Motion meritorious; thereafter, at the request of Plaintiff's counsel, the above entitled Court ordered the Motion to Strike of said Defendant to be reviewed as a Motion for Summary Judgment. Additional documentary evidence was presented and the matter was submitted for consideration as a Motion for Summary Judgment. [¶] Good cause appearing, and the Court having determined that the First Amended

The controversy revolves about the question of whether either plaintiff has complied with the provisions of the Government Code which enable a claimant, who has failed to file a claim within 100 days (Gov. Code, § 911.2), and who, after application therefor, has failed to secure relief from a public entity (§§ 911.4 and 911.6), to secure an order of the court permitting him to file suit (§ 946.6, and cf. § 945.4). The plaintiffs further contend that on the record, the court erred in granting a summary judgment because the declaration filed on behalf of defendant is insufficient to sustain the order and judgment in its favor. Each side adamantly insists on the merit of its position concerning the performance of the conditions precedent to filing the complaint. An examination of the record reflects that there were defects in the proceedings, but that their nature is such that the defendant was not entitled to the relief granted, but only to the right to have a day in court to determine whether plaintiffs' respective petitions were properly granted. The judgment must be reversed and set aside, and the case must be remanded for further proceedings as outlined below.

The record reveals the following facts: Robert King Thierfeldt allegedly died on May 10, 1969, Rosemary Thierfeldt and Kent Cary Thierfeldt, the plaintiffs, claim to be his sole heirs at law as his widow and as an adult son, the issue of prior marriage, respectively.

On August 19, 1969, 101 days after the death of Robert, the widow's original attorney mailed a claim for $100,000 on her behalf alone to Marin General Hospital for the wrongful death of Robert. In March 1970 it was discovered that the claim was not timely and the widow's original attorney on March 16, 1970, filed an application to present a late claim. On March 30, 1970, he received a letter dated March 30, 1970 from the administrator of Marin General Hospital stating that at a meeting of the board of directors on March 24, 1970, the application had been denied.

Thereupon, on April 3, 1970, the attorney filed a petition for an order relieving petitioner from the provisions of section 945.4 of the Government Code, which was set for hearing on April 13, 1970. He purported to give notice of that hearing by mail. The sufficiency of the manner and form of that notice is one of the issues to be resolved on this appeal. On April 13, 1970, following a hearing at which there was no appearance on behalf of the defendant, the court granted the relief prayed for in the petition.

On April 29, 1970, the plaintiffs' present attorneys filed an application

---

Complaint has not merit as to the Defendant MARIN HOSPITAL DISTRICT, [¶] IT IS HEREBY ORDERED that the First Amended Complaint of the Plaintiffs is hereby dismissed as to Defendant MARIN GENERAL HOSPITAL and judgment be entered for Defendant MARIN HOSPITAL DISTRICT."

with defendant to file a late claim for $200,000 on behalf of Kent Cary Thierfeldt for the wrongful death of his father. Under date of June 3, 1970, the hopsital administrator advised that the claim had been denied by the board of directors at its meeting on May 26, 1970.

Meanwhile, on May 8, 1970, a complaint for damages for the wrongful death of the plaintiffs' husband and father had been filed on their behalf. In the first two causes of action recovery was sought from nonpublic entity defendants by both plaintiffs. In the third cause of action the plaintiff Rosemary alone claimed damages of $200,000 from the defendant public entity, and generally alleged compliance with the claim statutes. It is not clear whether the public entity was made a defendant in a fourth cause of action. So far as appears from the record that complaint was never served on the defendant, and defendant never appeared in those proceedings in response to the original complaint. Nevertheless, on July 24, 1970, a petition for judicial relief from bar to sue because of nonpresentation of claim under the provisions of section 946.6 was filed in those proceedings on behalf of the son. The matter was set for hearing on August 14, 1970, and notice of the hearing was given by mail. The sufficiency of the manner and form of that notice is a further subject of controversy. On August 14, 1970, there being no appearance on behalf of the defendant, the relief prayed for in the petition was granted.

On August 26, 1970, plaintiffs filed their first amended complaint against defendant public entity and numerous other defendants. They alleged, "That within the manner and form provided by law, plaintiffs ROSEMARY THIERFELDT and KENT CARY THIERFELDT did comply with all necessary requirements imposed by claim statute procedures as against MARIN GENERAL HOSPITAL and MARIN HOSPITAL DISTRICT, in that on April 13, 1970, plaintiff ROSEMARY THIERFELDT was relieved from the provisions of Government Code Section 945.4 by Court order; and in that on August 14, 1970, plaintiff KENT CARY THIERFELDT was relieved from the provisions of Government Code Section 945.4 by Court order." This complaint was served on defendant, and its attorneys requested and received three extensions of time to answer the amended complaint. On October 15, 1970, within such time, defendant described as "MARIN HOSPITAL DISTRICT, which operates a hospital known as MARIN GENERAL HOSPITAL and is sued herein under that name also," filed its notice of motion and motion for an order to strike the first amended complaint and to dismiss the action with prejudice on the grounds that the amended complaint was sham and subject to procedural and jurisdictional defects that do not appear on the face of the pleading. The motion was supported by the declaration of the custodian of the defendant's records, and was based on the records in the action in

which the complaint was filed, and the records in the proceedings in which plaintiff widow had secured relief, of which the court was requested to, and did, take judicial notice. The proceedings on the motion resulted in the order and judgment from which this appeal has been taken.

I

In connection with its motion defendant filed but one declaration, that of a secretary who alleged she was the custodian of defendant's records. Her declaration related to the form of the notice which was admittedly received in connection with the petition for relief filed by the decedent's widow. The plaintiff's attorney filed a lengthy declaration which on its face shows that in most material respects it is based on hearsay, being merely a repetition of what the filed documents reveal. He failed to state that he could testify to the contents of his declaration if called as a witness, and it is obvious that in many respects, such as the dealings between the widow and her first attorney he could not do so. On this state of the record the defendant's attorneys filed no further declarations and merely objected to the plaintiffs' attorney's statements, which he failed to show were within his personal knowledge, to the effect that the first petition "was in fact received by MARIN GENERAL HOSPITAL in the due course of the mail and in advance of the April 13, 1970 hearing," and that the second petition "was in fact received by an appropriate person at MARIN GENERAL HOSPITAL and/or MARIN HOSPITAL DISTRICT." The objection was well taken and the facts which are the subject of that portion of the declaration must be determined from the record.

In *Lerner* v. *Ehrlich* (1963) 222 Cal.App.2d 168 [35 Cal.Rptr. 106], the court held that a motion to strike under Code of Civil Procedure section 435, based upon facts not appearing upon the face of the complaint, must be treated as a motion for summary judgment supported by affidavits. The court stated, ". . . it seems clear that here the trial court was required to consider respondent Ehrlich's motion to strike as a motion for summary judgment and to decide it upon the basis of the statutory requirements established by Code of Civil Procedure section 437c, as interpreted by decisions of the Supreme Court and District Courts of Appeal. [¶] The rules relating to summary judgment are well defined. Affidavits of the moving party are to be strictly construed. Generalities and conclusions will not suffice in the moving party's declarations. [Citation.] Affidavits in opposition to the motion are liberally construed and need not consist entirely of evidentiary facts, and facts therein stated must be accepted as true. [Citation.]" (222 Cal.App.2d at p. 172. See also *Vesely* v. *Sager* (1971)

5 Cal.3d 153, 167-169 [95 Cal.Rptr. 623, 486 P.2d 151]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 176, p. 2828.)

From this premise plaintiffs advance to the principle that a summary judgment cannot be ordered for the moving party, even though the affidavits of the opposing party are insufficient or nonexistent, unless the affidavits of the moving party, which comply with the statute, show that he is entitled to judgment. (Code Civ. Proc., § 437c, 2d par.; *Vesely* v. *Sager, supra,* 5 Cal.3d 153, 169-170; *Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]; *de Echeguren* v. *de Echeguren* (1962) 210 Cal.App.2d 141, 147 [26 Cal. Rptr. 562]; *Callahan* v. *Chatsworth Park, Inc.* (1962) 204 Cal.App.2d 597, 604-605 [22 Cal.Rptr. 606]; *Family Service Agency of Santa Barbara* v. *Ames* (1958) 166 Cal.App.2d 344, 348 [333 P.2d 142]; and *Gardenswartz* v. *Equitable etc. Soc.* (1937) 23 Cal.App.2d Supp. 745, 751 [68 P.2d 322].) It is then asserted that the judgment should be reversed because the defendant was challenged to file further declarations on the matters raised by its motion and failed to do so.

This argument overlooks the fact that even on a motion for summary judgment the court is entitled to consider all facts, as distinguished from allegations, in the record and any admissions that may be found in the pleadings filed by the opposing party. (See *Joslin* v. *Marin Mun. Water Dist.* (1967) 67 Cal.2d 132, 147-148 [60 Cal.Rptr. 377, 429 P.2d 889]; *Brewer* v. *Home Owners Auto Finance Co.* (1970) 10 Cal.App.3d 337, 341 [89 Cal.Rptr. 231]; *Hosking* v. *Spartan Properties, Inc.* (1969) 275 Cal.App.2d 152, 156 [79 Cal.Rptr. 893]; and *Hayward Tamkin & Co.* v. *Carpenteria Inv. Co.* (1968) 265 Cal.App.2d 617, 621-622 [71 Cal. Rptr. 462].) Judicial notice may be taken of matters set forth in related actions. (See *Ahmanson Bank & Trust Co.* v. *Tepper* (1969) 269 Cal. App.2d 333, 342 and 345 [74 Cal.Rptr. 774].) If the records in the proceedings in which the widow obtained her order for relief, when coupled with the declaration of the custodian of the defendant's records, and the records in the instant case reflect that the orders or either of them were improperly obtained, the defendant is entitled to relief. The conclusionary allegations of the amended complaint, and similar conclusionary and hearsay declarations in the declaration of the plaintiff's attorneys do not raise a triable issue of fact if the record shows the contrary.

On the other hand if the record before the trial court shows that there was a triable issue of fact in connection with the validity of the steps taken by plaintiffs to perfect their claim, it was error to grant a summary judgment. (*Stationers Corp.* v. *Dun & Bradstreet, Inc., supra,* 62 Cal.2d 412, 418.) Plaintiffs contend that there was a triable issue as to whether each

notice of hearing on the respective petitions of widow and son was received by defendant, and a further triable issue concerning whether defendant was estopped to object to the proceedings in which relief was granted because of its actions before and after it was served with the first amended complaint. It is necessary to examine the record to determine whether any such issues exist.

## II

Subdivision (a) of section 946.6 provides: "Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of such action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court." The petition filed on behalf of the widow in proceedings Number 56434, of which the trial court took judicial notice and which have been made part of the record on appeal, was filed in the proper court. It reflected that application had been made to the governing board of the public entity and denied, the reasons for failure to present the claim within 100 days, and the requisite information concerning the nature of the claims. It was filed within six months after the application to the board was denied. (See § 946.6, subd. (b).)

The petition for the widow is dated April 1, 1970 and signed by her original attorney. It bears file marks "APR 3-1970": It was accompanied by a copy of the application dated March 16, 1970, which had been previously presented to defendant, the attorney's declaration in support of that application, a copy of the claim, the attorney's declaration in support of the petition,[3] and points and authorities in support of the petition.

---

[3]The attorney's declaration states that he conferred with the widow on July 30, 1969. He agreed to investigate the merits of a possible cause of action against defendant, and that he would file claim within the 100-day period to preserve her rights even if his investigation was not completed. On the same day he made a computation of the 100 days and arrived at the date of August 19, 1969. He indicated on his calendar for that day, "Thierfeldt, last day to file claim." After filing the claim on that day he received no acknowledgment other than a telephone call on September 5, 1969, from a claims representative of an insurance company. (The declaration fails to mention whom the insurance company insured.) He told the

Subdivision (d) reads, "A copy of the petition and a written notice of the time and place of hearing thereof shall be served not less than 10 days before the hearing on (1) the clerk or secretary or board of the local public entity, if the respondent is a local public entity, or (2) the State Board of Control or its secretary, if the respondent is the state."

A further instrument bearing the same caption and endorsed filed "APR 3-1970" by the same deputy clerk is entitled "Notice of Hearing of Petition for Order Relieving Petitioner from Provisions of Government Code Section 945.4." It reads, "NOTICE IS HEREBY GIVEN that on April *13*, 1970, at *2 Pm.*, or as soon thereafter as the matter can be heard, in Department No. *One* of the above entitled court, petitioner will move the above entitled court for its order relieving petitioner from the provisions of Government Code section 945.4. [¶] Said motion will be made and based upon all the records, papers, and pleadings filed in this matter, and the exhibits attached thereto, copies of which are served herewith. [¶] April *2, 1970*."

By stipulation the record was augmented to show that the reverse of this notice had the following "Certificate of Mailing (Sec. 1013a(2) C.C.P.)" endorsed by a rubber stamp and corrected to read as follows: "I, the undersigned, say that I am a citizen of the United States, over the age of 18 years, not a party to the within action, and my business address is 518 Hearst Bldg., San Francisco, Calif. 94103. I served a true copy of the foregoing instrument by mail by placing same in an envelope, sealing, fully prepaying postage thereon, and depositing said envelope in U.S. mail at *San Francisco California* on April 2 3, *1970*. Said envelope was addressed as follows:" Thereafter followed in typing "Board of Directors Marin General Hospital Marin Hospital District San Rafael, California 94901." This was followed by another rubber stamp endorsement reading, "I declare under penalty of perjury that the foregoing is true and correct [¶] Executed at San Francisco, California [¶] On *April 2 3, 1970*." Underneath is set forth what appears to be the signature of defendant's original attorney.

The declaration of the custodian of defendant's records reflects that the

---

claims man he was investigating and that if plaintiff decided to pursue her cause of action he would communicate with him. No mention was made of a late claim.

Thereafter, the attorney advised the widow he preferred not to represent her, and that she should consult other counsel if she desired to proceed. In March, when queried by the widow's present attorneys, he was advised of the error in filing the claim. He then undertook the proceedings in which the widow secured an order under the provisions of section 946.6.

only notice received is a copy of the foregoing notice in which the date of hearing is erroneously filled out as "April 3, 1970."[4]

The petition filed for the son in the action in which a complaint was filed on his behalf on May 8, 1969, similarly complied with the formal requirements of the statute (§ 946.6, subd. (b)). It was filed July 24, 1970, within six months after the denial May 26, 1970 of the application dated April 29, 1969, which was made to the board within one year after the accrual of the cause of action (§§ 911.4, subd. (b), and 946.6, subd. (c)). It set forth the reason for the failure to present the claim within the 100 days,[5] and the nature of the claim.

The petition as filed July 24, 1970, is preceded by one page bearing the caption "KENT CARY THIERFELDT, Petitioner, vs. MARIN GENERAL HOSPITAL, Respondent" and bearing the title "NOTICE" and the number given the action in which the complaint had been filed on May 8, 1970. It reads, "TO RESPONDENT ABOVE NAMED AND ITS ATTORNEY: [¶] NOTICE IS HEREBY GIVEN that on Friday, August 14, 1970 at 9:00 a.m. in the Superior Court located in the city of San Rafael, County of Marin, petitioner will move the court for judicial relief from bar to sue because of non-presentation of claim. [¶] Said motion will be based upon this notice, the petition attached hereto and the declarations of Justin A. Roberts and Noel D. Martin, and all exhibits filed." Attached to the notice are: "Petition for Judicial Relief from Bar to Sue because of Non-presentation of Claim," "Declaration in Support of Judicial Relief from Bar to Sue because of Non-presentation of Claim," and, as exhibits, a copy of the application presented to defendant's board, a copy of the letter notifying the attorneys of the rejection of that application, a copy of the proposed claim, a copy of the two-page declaration submitted in support of the application, and a declaration of the former attorney (see fn. 5 above).

---

[4]In his declaration filed in opposition to the proceedings under review, appellant's attorney, who does not claim to have been present on April 3, 1970, gratuitously attributes this error to the inadvertence or error of the clerk in conforming the copy which was sent to defendant. In the absence of a declaration from the former attorney, there is no reason to infer that the figures in the mailed copies were not put in by the same person as dated the notice April 2, 1970, signed the notice, and excised the old and inserted new dates and signed the certificate on the reverse.

[5]The application to the board was accompanied by a declaration of one of the present attorneys for plaintiffs that he first discovered the existence of the son by a prior marriage during an interview April 23, 1970; that on April 24, 1970, the attorney was advised by the son that he was unaware of the claim procedure and the son authorized the attorney to make application on his behalf. A further declaration by the former attorney filed in the court proceedings indicates that he had asked the widow if she and the deceased had any children and on receiving a negative answer, did not inquire or receive any information concerning the existence of any other heirs.

The third page being the declaration in support of judicial relief bears a rubber stamp reading as follows: "(PROOF OF SERVICE BY MAIL—1013a, 2015.5 C.C.P.) [¶] I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years and not a party to the within action; my business address is [¶] 215 Market Street, San Francisco, Calif. [¶] I served a true copy of the foregoing document by mail placing same in an envelope, sealing, fully prepaying postage thereon and depositing said envelope in the U.S. Mail at San Francisco, California, on the *23rd* day of *July* 19 *70*, said envelope was addressed as follows; and certify under penalty of perjury that the foregoing is true and correct." Underneath the foregoing is a signature "Gloria Williams" on a line over a typewritten "GLORIA A. WILLIAMS" and underneath all of the foregoing is typed, "Marin General Hospital, 250 Bon Air Road, Greenbrae [¶] Box 2129, San Rafael, California."

■ The statute (§ 946.6, subd. (d)) is silent as to the manner in which a copy of the petition and notice of the time and place of hearing shall be served.[6] Defendant contends that the procedure should be deemed commensurate with the commencement of civil proceedings, and that personal service is necessary to satisfy the requirements of notice and due process of law. (See *Wuchter* v. *Pizzutti* (1928) 276 U.S. 13, 24 [72 L.Ed. 446, 451, 48 S.Ct. 259, 57 A.L.R. 1230]; *Hunstock* v. *Estate Development Corp.* (1943) 22 Cal.2d 205, 211 [138 P.2d 1, 148 A.L.R. 968]; *Sternbeck* v. *Buck* (1957) 148 Cal.App.2d 829, 832-834 [307 P.2d 970]; and *Holiness Church* v. *Metropolitan Assn.* (1910) 12 Cal.App. 445, 448 [107 P. 633].) In *Long* v. *Chronicle Pub. Co.* (1924) 68 Cal.App. 171 [228 P. 873], the court stated, "A statute requiring that a notice shall be given, but which is silent as to the manner of giving such notice, contemplates personal service thereof." (68 Cal.App. at p. 179.)

Plaintiffs point out that failure to comply with the claims procedure does not preclude the court from exercising jurisdiction (see *Redlands etc. Sch. Dist.* v. *Superior Court* (1942) 20 Cal.2d 348, 358-361 [125 P.2d 490]), and that therefore the matter is one that should be governed as are provisions for personal service of notice between parties under contracts, leases and other statutes where service by mail has been held sufficient.

---

[6]Government Code section 915.2 provides in part: "If a claim, amendment to a claim or application to a public entity for leave to present a late claim is presented or sent by mail under this chapter, or if any notice under this chapter is given by mail, the claim, amendment, application or notice shall be mailed in the manner prescribed in this section. . . ." Since the petition to the court in this matter is not an instrument referred to in section 915.2 and because section 946.6 is not within the same chapter as section 915.2, the latter section cannot control the manner of service in the court proceedings.

(See *Colyear* v. *Tobriner* (1936) 7 Cal.2d 735, 743 [62 P.2d 741, 109 A.L.R. 191] [Civ. Code, §§ 827 and 1946]; *Shearman* v. *Jorgensen* (1895) 106 Cal. 483, 485 [39 P. 863] [notice demurrer overruled]; *University of So. Cal.* v. *Weiss* (1962) 208 Cal.App.2d 759, 768-769 [25 Cal.Rptr. 475] [Civ. Code, § 1946 and Code Civ. Proc., § 1162]; *Reserve Oil & Gas Co.* v. *Metzenbaum* (1948) 84 Cal.App.2d 769, 772-774 [191 P.2d 796] [lease]; *Alphonzo E. Bell Corp.* v. *Listle* (1942) 55 Cal.App.2d 300, 306 [130 P.2d 251] [lease]; Gov. Code, § 915.2, fn. 6 above; Gov. Code, § 915.4, added by Stats. 1970, ch. 104, § 5, p. 324, effective Jan. 1, 1971; and Code Civ. Proc., §§ 415.10-415.30, added by Stats. 1969, ch. 1610, § 3, p. 3363, operative July 1, 1970.)

The plaintiffs' argument assumes that the proceedings under section 946.6 are pro forma matters in which notice creates certain future rights. This is not the case. A realistic appraisal of the situation reveals that the court has been given jurisdiction to make an adjudication on the merits of permitting the filing of suit despite the fact no timely claim was filed. The court has jurisdiction over the subject matter, but the question here is the manner in which the court is to attain jurisdiction over the person whom its judgment will affect. It would appear that personal service, or its equivalent, as provided for the service of process in civil proceedings should be necessary.

The provisions of sections 1012, 1013 and 1013a of the Code of Civil Procedure under which each of the plaintiffs purported to effect service under Government Code section 946.6 only apply to service of notices in a pending action upon a party who has appeared or has been served in that action. (See *Hunstock* v. *Estate Development Corp.*, *supra*, 22 Cal.2d 205, 211; *Colyear* v. *Tobriner*, *supra*, 7 Cal.2d 735, 743; *University of So. Cal.* v. *Weiss*, *supra*, 208 Cal.App.2d 759, 769; and *Alphonzo E. Bell Corp.* v. *Listle*, *supra*, 55 Cal.App.2d 300, 306.)

Plaintiffs' reliance on the provisions of sections 915-915.4 of the Government Code is unwarranted, as noted above (see fn. 6 above). The sections of the Government Code under consideration in this case are found in title 1 which contains general provisions applicable to both state and local government. Division 3.6 covers "Claims and Actions Against Public Entities and Public Employees"; part 3 (§§ 900-935.6), in which sections 911.2, 911.4, 911.6 and 915.2 are found, refers to "Claims Against Public Entities." On the other hand, sections 945.4 and 946.6 are found in part 4 which covers the subject of "Actions Against Public Entities and Public Employees." Section 945.2 expressly provides, "Except as otherwise provided by law, the rules of practice in civil actions apply to actions brought against public entities."

Code of Civil Procedure section 415.30, effective July 1, 1970, which authorizes service of summons by mail, expressly predicates the efficacy of such service upon the execution and return of an acknowledgment of service. If the party addressed fails to do so, there is no effective service, he merely becomes liable for the reasonable expenses of service in a more conventional manner. Section 416.50 provides: "(a) A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body."

It should be noted that the provisions of Government Code sections 960-960.8 provide for "service of process in an action or *proceeding* against a public agency" (§ 960.2, italics added) upon the Secretary of State (§ 960.3) when the agency is not listed on the Roster of Public Agencies (see § 53050 et seq.). Although mailing to the Secretary of State is authorized after an order of court is secured, service is only effective as of the day a return receipt is received from the office of the Secretary of State (§ 960.3, subd. (b)(2)).

In the practice manual California Government Tort Liability (Cont. Ed.Bar 1964) Education of the Bar, Professor Van Alstyne, who served as consultant to the California Law Revision Commission during its two-year study of the subject, analyzes the requirements of a petition for judicial relief to review the denial of an application for leave to present a late claim as such relief was granted under former section 912.[7] (§ 8.34, pp. 393-394 and § 8.39, pp. 399-402.) In the annotation to the statute the text states: "Subdivision (d) states that notice of the hearing, together with a copy of the petition and the proposed claim, shall be 'served' on the respondent's clerk or secretary not less than ten days before the hearing. Responsibility for making this service, however, is not established. The petition procedure here authorized is somewhat analogous to a petition to perpetuate testimony, which also attempts to obtain preliminary judicial assistance in preparation for later litigation. See CCP § 2017; Louisell, MODERN CALIFORNIA DISCOVERY § 9.04. Relying on this analogue, the petitioner should have the necessary documents, including all affidavits supporting the petitioner, 'served' in the manner provided for service of summons. Such formality is necessary because service is essential to secur-

---

[7]Subdivision (d) of section 912 (Stats. 1963, ch. 1715, § 1, p. 3377) provided: "A copy of the petition and the proposed claim and a written notice of the time and place of hearing thereof shall be served (1) on the clerk or secretary or board of the local public entity if the claim is against a local public entity, or (2) on the State Board of Control or its secretary if the claim is against the State, not less than 10 days before the hearing."

ing the court's jurisdiction over the public entity." (P. 720.) Since the provisions carried into the statutes as revised in 1965 are substantially the same as those which existed before, the foregoing comments are applicable to subdivision (d) of section 946.6. (See California Government Tort Liability (Cont.Ed.Bar 1969 Supp.) § 8.34, pp. 112-114 and Notes p. 178.)

It is, therefore, concluded that service of the petitions should have been effected in the same manner as service of summons in order to give the court jurisdiction to enter an order against the public entity.

The foregoing does not completely dispose of the matter. If it be assumed that the form of service, if not the manner, was correct, the fact remains that each of the plaintiffs, and the court in each instance proceeded as though jurisdiction had been obtained over the defendant because the defendant had been given notice of the proceedings. Orders were made permitting each of the plaintiffs to sue. Defendant now seeks to set aside those orders. It is not unreasonable to require defendant to show that it had no actual notice of the proceedings in which each claimant sought review of the denial of her or his application for leave to present a late claim. It may be noted that although the statute requires the petition to be filed within six months after the application to the board is denied (§ 946.6, subd. (b)(3)), it does not provide when the hearing shall be set, or any limit on the time within which the notice of hearing may be given so long as it is given not less than 10 days before the hearing (*id.,* subd. (d)), or any limit on the time within which the court shall make its determination (*id.,* subd. (e)).

Under these circumstances it would be inequitable to unconditionally set aside any order relieving a plaintiff from compliance with the claim provisions if such plaintiff can show that the clerk or secretary or board of the defendant had actual notice of the hearing on that claimant's petition not less than 10 days before the hearing.

### III

 The record in the first proceeding reflects that notice of the hearing in the form required by subdivision (d) of section 946.6 was mailed to the board of the local entity 10 days before the day set for hearing. The uncontradicted declaration of the custodian of the records states that the notice received failed to show the proper date of the hearing, and indicated that the hearing was held on the day of mailing, presumably one day before the notice and copy of the petition were received in the mail. Therefore, even if it be assumed that the trial court would have been entitled to proceed if a proper notice of hearing had been personally served by the

postman, the record fails to show that the notice admittedly received complied with the statute.

Plaintiff widow seeks to avoid the effect of this error, be it that of her attorney or the deputy clerk (see fn. 4 above), by imposing a duty on the board of the public entity to note that there was a patent discrepancy in giving notice of hearing on the same day the petition was filed, to make an inquiry into the matter by telephoning the county clerk or plaintiffs' counsel, and to thereby give petitioner an opportunity to renotice the hearing. Under an adversary system of litigation there is a duty not to take untoward advantage of one's opponent, but there is no rule which states that one against whom a claim is asserted by a claimant represented by an attorney is bound to correct the errors and omissions of that attorney. The board and its attorneys, if the matter had been referred to them before service of a summons and a complaint, were entitled to sit back and await proper notice, or the next step to be taken by plaintiff, presumably the service of a summons and complaint predicated upon the order which the plaintiff ostensibly would have secured at the hearing April *3,* 1970. It was not incumbent on the public entity to determine what further steps would be taken by the claimant.

The widow also asserts that the public entity is estopped to have the order obtained April 13, 1970 set aside because, after it was ultimately served, it secured extensions of time to plead past the six-month period from the denial of the application to the board within which a court petition could be filed (see § 946.6, subd. (b)). It was only then that it attacked the earlier proceedings. That argument erroneously attributes all of the delay to the public entity. The record, however, reflects that although after obtaining the order of April 13, 1970, the claimant joined in a complaint filed on May 8, 1970, within the 30 days required by subdivision (f) of section 946.6, she never caused that complaint to be served on the public entity. Any delay between April 13, 1970 and the date after August 26, 1970 when the first amended complaint was served on the district must be charged to the plaintiff widow. Nevertheless, as pointed out below (part IV), this delay is not necessarily fatal to her claim.

It is concluded that the public entity was entitled to have the order entered April 13, 1970, set aside because proper notice was not given and the public entity has never had an opportunity to have a hearing on the issues to be determined by the court on the widow's petition.

■ Service of notice of the hearing on the petition filed by the son was also attempted by mail. The public entity points out that the papers, filed in a pending action, appeared to be a motion rather than an original

proceeding under section 946.6 of the Government Code. When all of the documents are considered it is clear that a petition for relief under that section had been filed. The formal requisites for filing such a petition had been complied with. There is nothing in the statute which requires that there be an independent action for such a petition, or which prohibits filing such a petition in a pending action as was done here (see part V below). Nevertheless, the fact that notice was given as if in a pending action in which the adverse party had appeared by an attorney when such was not the fact was misleading. A layman receiving such a notice might well assume that a copy had been served on the hospital's attorney, and that no further action was necessary.

A more fatal shortcoming is that neither the notice nor the papers placed in the post were addressed to the clerk or secretary or board of Marin Hospital District (§ 946.6, subd. (d)). There can be no presumption of receipt by any of the foregoing from the fact of addressing "Marin General Hospital."

It, therefore, appears that defendant is entitled to have the order of August 14, 1970 set aside because there was no proper notice and opportunity to be heard. On this issue there may be some factual question of actual receipt of the papers. The letter advising the claimant son that his application for leave to file a late claim had been denied by the board of directors, was on the stationery of "Marin General Hospital" and was signed by its "Administrator." The mailing was made to "Marin General Hospital" at the address shown on the stationery. Plaintiff should be able to explore the question of actual receipt of notice both legally and factually.

## IV

By the ruling the trial court gave defendant all of the relief it sought It in effect found that the allegations of the first amended complaint which set forth compliance with the claim statutes, in that plaintiffs were relieved therefrom, were sham. In fact, however, the plaintiffs had secured orders of court which on their face entitled them to assert their cause of action against the public entity. The defendant has shown that the records on which such orders were obtained were inadequate. The situation is analogous to setting aside an erroneously obtained default judgment. The defendant is not entitled to judgment; it is merely entitled to a hearing on the merits of the issues raised by the petitioners which were timely filed under section 946.6 in actions numbers 56431 and 56764 (see § 946.6, subd. (c)). The issues to be determined in each case are set forth in the section as follows: whether the application to the board was made within

a reasonable time after the accrual of the cause of action (each was made within one year and was expressly denied) (subd. (c)); whether the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect; and whether the public entity would be prejudiced if the court relieves the petitioner (subd. (c), par. (1)). (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29-33 [56 Cal.Rptr. 666, 423 P.2d 818]; *Flores* v. *Board of Supervisors* (1970) 13 Cal.App.3d 480, 483-485 [91 Cal.Rptr. 717]; *Segal* v. *Southern California Rapid Transit Dist.* (1970) 12 Cal.App.3d 509, 511-512 [90 Cal.Rptr. 720]; and *Nilsson* v. *City of Los Angeles* (1967) 249 Cal.App.2d 976, 979-983 [58 Cal.Rptr. 20].)

The last issue raises a question as to the date in reference to which the issue of prejudice should be resolved. Because of the deficiencies in the form and manner of the notices given by the petitioners it is determined that this date should be the date the summons and complaint in action number 56764 were actually served upon the public entity.

V

■ There remains for consideration the defendant's contention that the plaintiff son could not amend the complaint in action number 56764 to state a cause of action against the hospital district. On May 8, 1970, when that complaint was filed, his application for leave to file a late claim which had been filed on April 29, 1970, within one year after the accrual of his cause of action (§ 911.4, subd. (b)), had not yet been acted upon. He, therefore, complained only against nonpublic entity defendants. He filed a timely petition on July 24, 1970 for relief under the provisions of section 946.6.

This petition was filed in the pending action. Defendant has not objected to that procedure, although, as has been noted, it resulted in the petition being treated as a motion made with respect to a party who had already appeared instead of a proceeding which was newly initiated against a nonserved and nonappearing party. The latter defect in this case does not invalidate the manner in which the petition was filed. It is obvious that if the petition were granted the complaint for wrongful death to be thereafter filed by the son would have to be consolidated with that of the widow. (See *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 92-93 [52 Cal.Rptr. 460, 416 P.2d 492]; and *Cross* v. *Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 694 [36 Cal.Rptr. 321, 388 P.2d 353]; Code Civ. Proc., §§ 377, 378, 389 and 1048.) It was, therefore, proper to file the petition for relief from the provisions of section 945.4 in the pending action

for wrongful death brought by the widow and the son jointly against the nonpublic entities, and by the widow against the hospital district.

For the same reason it would be proper to file a supplemental complaint in the same action on the son's claim against the public entity, if and when a valid order relieving him from the provisions of section 945.4 is obtained. Defendant points out that an amended complaint generally cannot create a cause of action by reference to facts which have occurred after the filing of the original complaint. (*Wiersma* v. *City of Long Beach* (1940) 41 Cal.App.2d 8, 12 [106 P.2d 45] [disapproved on other grounds *Carr* v. *Wm. C. Crowell Co.* (1946) 28 Cal.2d 652, 654 (171 P.2d 5)].) Although the second complaint filed August 26, 1970, is labeled an amended complaint, substance, not form should control. Defendant's charge that a supplemental complaint must be on a noticed motion (Code Civ. Proc., § 464) must yield to the order of the court under section 946.6 of the Government Code in those cases where there has been a petition, adequate notice and a hearing on the petition. Such a hearing will satisfy the provisions of the Code of Civil Procedure in cases where there is joint indivisible claim as under section 377 of the Code of Civil Procedure. For the same reason the general principle that a supplemental pleading cannot cure a premature action (see *Walton* v. *County of Kern* (1940) 39 Cal.App.2d 32, 34-35 [102 P.2d 531]; 3 Witkin, Cal. Procedure (2d ed. 1971), Pleading, § 1087, p. 2665; and Chadborn et al., Cal. Pleadings (1961) § 1115, pp. 367-368), is inapplicable. The son in the subsequent complaint is not attempting to improve upon a cause of action which was premature in the original complaint. He is attempting to consolidate, without the idle act of filing a new action (see Civ. Code, § 3532), a newly perfected cause of action (see *Brown* v. *Huntington Beach etc. Sch. Dist.* (1971) 15 Cal. App.3d 640, 643-647 [93 Cal.Rptr. 417]; and *Savage* v. *State of California* (1970) 4 Cal.App.3d 793, 795-797 [84 Cal.Rptr. 650]) with another, that of the widow, of which it is a joint indivisible part.

No error is found in the procedural paths selected by the plaintiffs. The fault lay in not sharing them with the defendant.

## VI

■ Plaintiffs assert that the record demonstrates substantial compliance with all claim statute requirements, and therefore not only should the judgment be reversed, but also the action should proceed on the merits. In *Adler* v. *City of Pasadena* (1964) 229 Cal.App.2d 518 [40 Cal.Rptr. 373], the court observed: "It has long been established law in this state that the principal purpose of any statutory provision which requires the

filing of a written claim or demand and the rejection thereof by the municipality as a condition precedent to the filing of a court action is to permit an adequate investigation of the merits of the claim and to permit a settlement thereof without the expense of litigation [citation], and substantial compliance with such claim-filing provisions is all that is required. [Citation.]" (229 Cal.App.2d at p. 528. See also *Viles* v. *State of California, supra,* 66 Cal.2d 24, 32; *Hobbs* v. *Northeast Sacramento County Sanitation Dist.* (1966) 240 Cal.App.2d 552, 556 [49 Cal.Rptr. 606]; and *Gonzales* v. *County of Merced* (1963) 214 Cal.App.2d 761, 764 [29 Cal. Rptr. 675].) In the *Hobbs* case, *supra,* the court noted, "Both the courts and Legislature have recognized that the labyrinth of claims statutes previously scattered throughout our statutes were traps for the unwary." (240 Cal.App.2d at p. 556.)

The foregoing principles do not apply here. The 100-day provision of section 911.2 is not a trap for an unwary claimant who consults an attorney 81 days after her claim accrues. It should not be a trap for the wary attorney who might give himself a few days leeway. The late claim cannot be deemed to put the public entity on notice so that it should commence an investigation. It is entitled to see if the claimant takes steps to perfect the claim. If a claim one day late can create such an obligation, any claim filed within a period of one year (see § 911.4, subd. (b)), should similarly necessitate an investigation which would in turn warrant a finding of substantial compliance. Such a rule would subvert the statutory plan which requires application and the establishment of certain facts before the public entity may grant leave for the presentation of a late claim (§§ 911.4 and 911.6). Here there was no indication (in fact some indication to the contrary) that the widow was going to proceed on her late claim until March 16, 1970, when she filed her application with the board.

In rejecting this application the public entity was not required to investigate the merits of the case. If it believed, as it indicated, that the applicant had failed to establish the criteria for granting the application (§ 911.6, subd. (b)) it was under no duty to proceed further with respect to the merits unless and until the claimant secured relief from the courts. So far as appears the first official notice that the widow, and that subsequently the son, were seeking and had obtained such relief was when the district was served with the amended complaint in which it was so alleged. The record here fails to show substantial compliance with the claim statutes or with those provisions of law which afford relief to those who have failed to file a timely claim.

Plaintiffs are entitled to the relief set forth in part IV above and no more.

The judgment is reversed and the matter is remanded to the trial court with instructions to vacate the orders in actions numbers 56431 and 56764 which purported to grant the plaintiffs relief from the provisions of section 945.4 of the Government Code to set the petitions previously filed pursuant to the provisions of section 946.6 of the Government Code for hearing, and to conduct further proceedings in accordance with the provisions of said section and the views set forth in this opinion. In light of the circumstances giving rise to this appeal and the limited relief granted, each party shall bear its own costs on appeal.

Molinari, P. J., and Elkington, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 24, 1974.