[No. F060314. Fifth Dist. Aug. 9, 2010.]

KERN COUNTY DEPARTMENT OF HUMAN SERVICES, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
M.M., Real Party in Interest.

304

COUNSEL

Theresa A. Goldner, County Counsel, and Jennifer E. Weissburg, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

James V. Sorena for Real Party in Interest.

OPINION

**WISEMAN, Acting P. J.**—Petitioner Kern County Department of Human Services (department) petitions for a writ of mandate after respondent Kern County Superior Court (juvenile court) refused to find the department properly noticed a parent of a jurisdictional/dispositional hearing on juvenile dependency supplemental and subsequent petitions (Welf. & Inst. Code, §§ 387, 342).[1] The juvenile court believed the department had to serve the dependent child's father, who was living in Mexico, with notice pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (Hague Service Convention or Convention). The juvenile court also continued the hearing to October 2010 for compliance with the Convention.

Having reviewed the matter, we grant the department's petition. We conclude the Hague Service Convention does not apply to supplemental and subsequent juvenile dependency proceedings in light of the juvenile court's ongoing dependency jurisdiction and provided it has previously found proper notice to the parent. Alternatively, assuming arguendo the Convention could apply to supplemental and subsequent juvenile dependency proceedings, we conclude any duty to serve notice under the Convention was discharged in this case by the father's general appearance in the juvenile court after the department filed its subsequent and supplemental petitions.

## PROCEDURAL AND FACTUAL HISTORY

In September 2008, the juvenile court exercised its dependency jurisdiction over 23-month-old M.M., adjudged him a juvenile dependent, and removed him from parental custody. The dependency arose out of his parents' substance abuse and domestic violence. The child's father made a general

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

appearance at the child's earlier detention hearing, received proper notice of the September 2008 jurisdictional/dispositional hearing, and otherwise participated in M.'s dependency proceedings.

Indeed, a year later, both parents so participated and made such progress towards alleviating the causes for M.'s out-of-home placement that the juvenile court returned the child to parental custody subject to family maintenance services. The court also continued its dependency jurisdiction.

The department, however, redetained M. in December 2009 based on injuries his half sibling received, allegedly caused by the father and related to his drug relapse. The department consequently filed a supplemental petition (§ 387) to once again remove M. from parental custody and a subsequent petition (§ 342) to raise a new ground for the juvenile court's jurisdiction over M., namely child abuse (§ 300, subd. (a)).

The father attended a December 21, 2009, detention hearing on the subsequent and supplemental petitions. He and the mother denied the petitions' allegations and waived time. The court ordered the child detained and concluded by setting the matter for a February 2, 2010, jurisdictional/dispositional hearing on both petitions.

At the time of the December 2009 detention hearing, the father was in custody, having been arrested due to the harm suffered by M.'s half sibling. The father expected to be deported to Mexico after trial. However, the charges were soon dismissed. On December 31, 2009, the father was released from custody and voluntarily agreed to be deported to Mexico.

On January 11, 2010, the department served father notice of the February 2, 2010, jurisdictional/dispositional hearing by first-class mail, pursuant to statute, at his last known address and the Lerdo Detention Facility in Kern County. Within a matter of days, the department also initiated a due diligence search for him.

In February 2010, a department social worker located the father in Mexico and had a telephone conversation with him. During the conversation, the father provided his street address in Mexico. The department, in March 2010, used the Mexico address to send the father notice, in Spanish, of the jurisdictional/dispositional hearing, by international registered mail, return receipt requested. By that point, the juvenile court had continued the jurisdictional/dispositional hearing to a May 2010 date. The notice of hearing

was delivered to the father on April 8, 2010. Another department social worker later made telephone contact with the father. He confirmed he received the notice of hearing and stated his intention to return to the United States in order to attend the May hearing.

The father was not present at the May hearing. The court trailed the matter to June 2. The father was also absent from the June 2 hearing.

According to a reporter's transcript of the June 2 hearing, the court previously continued the jurisdictional/dispositional hearing, at least in part, for the department to provide proper notice to the father under the Hague Service Convention. Although it was once believed that service by international registered mail, return receipt requested, satisfied Mexican law and therefore the Convention, the father's attorney apparently had argued that was no longer the case. Counsel cited a federal district court decision, *OGM, Inc. v. Televisa, S.A.* (C.D.Cal. 2009) 2009 U.S.Dist. Lexis 33409.

At the June hearing, the department claimed the father received proper notice under California law and that service of notice under the Hague Service Convention was not required. According to the department, the juvenile court already had jurisdiction by virtue of the father's previous general appearance in the dependency proceedings. The department relied on a very recent dependency case regarding the Convention, *In re Jennifer O.* (2010) 184 Cal.App.4th 539 [108 Cal.Rptr.3d 846] (*Jennifer O.*). *Jennifer O.* held the Convention does not apply to service of notice of status review hearings in dependency matters. (184 Cal.App.4th at p. 542.)[2]

The father's attorney opposed the department's request. He argued the department's supplemental and subsequent petitions were akin to original petitions (§ 300) in that the code requires notice for supplemental and subsequent petitions according to the service requirements for an original petition (§§ 290.1, 290.2, 291). The attorney relied on decisions which held the Hague Service Convention must be complied with when serving an original petition and notice of jurisdictional and dispositional hearings on a parent who is a foreign national and resident of a signatory country, such as Mexico. (*In re Jorge G.* (2008) 164 Cal.App.4th 125, 133 [78 Cal.Rptr.3d 552] (*Jorge G.*); *In re Alyssa F.* (2003) 112 Cal.App.4th 846, 852 [6 Cal.Rptr.3d 1] (*Alyssa F.*).) The father's attorney therefore claimed the department should be held to the Convention's service requirements.

---

[2] Remittitur has since issued in *Jennifer O.*, making the opinion final.

The juvenile court denied the department's request to find the father received appropriate notice, adding it thought the department had to go through the Hague Service Convention. The juvenile court continued the jurisdictional/dispositional hearing to an October 2010 date.

## DISCUSSION

■ The Hague Service Convention is "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." (*Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694, 698 [100 L.Ed.2d 722, 108 S.Ct. 2104] (*Volkswagenwerk*).) It applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." (Convention, art. 1; see *Volkswagenwerk, supra*, 486 U.S. at p. 699.) The Supreme Court in *Volkswagenwerk* explained the Convention refers to "service of process in the technical sense." (486 U.S. at p. 700.) "[T]he term 'service of process' has a well-established technical meaning. Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." (*Ibid.*)

*Volkswagenwerk* held "[t]he only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service." (*Volkswagenwerk, supra*, 486 U.S. at p. 707.)

■ In a dependency proceeding, "parents are not served with process in the usual sense" although they are entitled to notice and an opportunity to be heard. (*Jennifer O., supra*, 184 Cal.App.4th at p. 545.) As the *Jennifer O.* court explained, "[d]ependency proceedings often commence on an emergency basis with a detention hearing, and under section 290.1, notice of a detention hearing may be 'written or oral.' (§ 290.1, subd. (e).) If the parents were present at the detention hearing, it is permissible to thereafter serve a copy of the petition and a notice of the jurisdictional and dispositional hearings by first-class mail. (§ 291, subd. (e)(2); [citation].)" (*Id.* at p. 546.)[3]

Thus, a preliminary issue exists as to whether the Hague Service Convention applies at all to dependency proceedings. (*Jennifer O., supra*, 184 Cal.App.4th at p. 547.) The appellate courts in *Jorge G., supra*, 164 Cal.App.4th at page 133 and *Alyssa F., supra*, 112 Cal.App.4th at page 852 have held the Convention does apply, by characterizing juvenile dependency cases as "civil in nature." The appellate court in *Jennifer O.* did not address this issue. (*Jennifer O., supra*, 184 Cal.App.4th at p. 547.) Because neither

---

[3] This was the situation in the case before us.

party has raised the issue here, we will assume for the sake of argument that the Hague Service Convention does apply to dependency proceedings.

■ Nonetheless, as the *Jennifer O.* court observed: "Neither *Alyssa F.* nor *Jorge G.* suggested that the Hague Service Convention procedures should be applied to every notice of hearing served in a dependency action or that subsequent notices must be served with the formality of the petition and notice of jurisdictional/dispositional hearing." (*Jennifer O., supra,* 184 Cal.App.4th at p. 547.)

In holding that the Convention does not apply to notices of status review hearings, the *Jennifer O.* court offered the following additional analysis. It cited the lack of authority for the proposition that Convention procedures must be followed whenever any judicial notice of any kind is served on a parent residing outside the United States. (*Jennifer O., supra,* 184 Cal.App.4th at p. 547.) It also referenced the Supreme Court's holding in *Volkswagenwerk* that, despite broad language in the Convention, it applied only to service of process in the technical sense, defined as " 'formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action.' " (*Jennifer O., supra,* 184 Cal.App.4th at p. 549, quoting *Volkswagenwerk, supra,* 486 U.S. at p. 700.)

■ The *Jennifer O.* court then turned "for guidance to the general rule: a court acquires jurisdiction over a party by proper service of process or by that party's general appearance; once either occurs, jurisdiction continues throughout the action and service of subsequent pleadings and papers can be by less formal means." (*Jennifer O., supra,* 184 Cal.App.4th at pp. 547–548.) It referenced *In re Larry P.* (1988) 201 Cal.App.3d 888, 895 [247 Cal.Rptr. 472], "citing 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 332, p. 750 ['Once jurisdiction of the subject matter and of the person is obtained in a particular action, that jurisdiction continues throughout the action and in proceedings incidental thereto.']; Code Civ. Proc., § 410.50 [(a) Except as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served . . . . A general appearance by a party is equivalent to personal service of summons on such party. [¶] (b) Jurisdiction of the court over the parties and the subject matter of an action continues throughout subsequent proceedings in the action.']; [and] *Thierfeldt v. Marin Hosp. Dist.* (1973) 35 Cal.App.3d 186, 198 [110 Cal.Rptr. 791] [Code of Civil Procedure provisions permitting service by mail 'apply to service of notices in a pending action upon a party who has appeared or has been served in that action.']." (*Jennifer O., supra,* 184 Cal.App.4th at p. 548.)

The *Jennifer O.* court went on to explain that it was undisputed the parent who was a Mexican resident was aware of the dependency proceedings involving his children and made a general appearance. (*Jennifer O., supra*, 184 Cal.App.4th at p. 548.) Therefore, service of a later notice of a six-month review hearing by first-class mail was permissible under California law (§ 293, subd. (e)), satisfied due process, and was accomplished in that case (184 Cal.App.4th at pp. 548–549). The appellate court concluded there was no violation of any rights under the Hague Service Convention. (184 Cal.App.4th at p. 550.)

■ The reasoning of *Jennifer O.* applies with equal force here even though this case involves service of notice of a jurisdictional/dispositional hearing on both subsequent and supplemental petitions. A subsequent petition is filed when new, independent allegations of dependency can be made after the juvenile court has already declared a child a juvenile dependent. (§ 342; see *In re Barbara P.* (1994) 30 Cal.App.4th 926, 933 [36 Cal.Rptr.2d 27].) A supplemental petition is filed when a dependent child has been placed with a parent and the social services entity later seeks to modify the placement order because it is allegedly ineffective. (§ 387; see *In re Barbara P., supra*, 30 Cal.App.4th at p. 933.) The code does require notice of subsequent and supplemental petitions according to the service requirements for an original petition. (§ 297, subds. (a) & (b); see also §§ 342, 387, subd. (d).) However, a necessary prerequisite to filing either a subsequent or a supplemental petition is the juvenile court's jurisdiction over the child. (*In re Joshua G.* (2005) 129 Cal.App.4th 189, 203 [28 Cal.Rptr.3d 213]; *Kimberly R. v. Superior Court* (2002) 96 Cal.App.4th 1067, 1075 [117 Cal.Rptr.2d 670].) Although the juvenile court takes jurisdiction over children, not parents (§ 300), it also gains personal jurisdiction over a parent when the parent is properly noticed (*In re Joshua G., supra*, 129 Cal.App.4th at p. 202, citing *In re Daniel S.* (2004) 115 Cal.App.4th 903, 916 [9 Cal.Rptr.3d 646]). Further, juvenile court law proceeds on the principle that once juvenile court jurisdiction is established, such jurisdiction continues as long as the best interests of the child so require. (*In re B. G.* (1974) 11 Cal.3d 679, 692 [114 Cal.Rptr. 444, 523 P.2d 244].)

These principles are critical in this case because the juvenile court exercised its dependency jurisdiction over the child and found both parents received proper notice of the dependency proceedings in September 2008. In other words, the juvenile court already had dependency jurisdiction over the child and personal jurisdiction as to the father when the department, in December 2009, filed its subsequent and supplemental petitions. Thus, we first conclude the Hague Service Convention did not apply once the

department filed the subsequent and supplemental petitions given the juvenile court's existing dependency jurisdiction over the child and personal jurisdiction as to the father.

■ Alternatively, assuming arguendo that the Hague Service Convention could apply notwithstanding the juvenile court's existing and ongoing jurisdiction over the child, we nevertheless conclude compliance with the Convention was unnecessary under the facts of this case. The father attended the December 2009 detention hearing on the subsequent and supplemental petitions at which the juvenile court accepted both parents' denials of the petitions' allegations and set the date for the jurisdictional/dispositional hearing. There can be no doubt on this undisputed record that, before his deportation and return to Mexico, the father made a general appearance on the subsequent and supplemental petitions in the juvenile court. It is well established that a party's general appearance is the equivalent to personal service of summons (Code Civ. Proc., § 410.50, subd. (a)). Moreover, in the dependency context, a parent's general appearance at a detention hearing will be considered a waiver of the parent's right to challenge adequacy of notice of the proceedings. (*Jennifer O., supra*, 184 Cal.App.4th at p. 546, citing *In re Raymond R.* (1994) 26 Cal.App.4th 436, 441 [31 Cal.Rptr.2d 551].)

As previously mentioned, the *Jennifer O.* court relied on the parent's general appearance in the dependency proceeding before it, in holding the Hague Service Convention did not apply. (*Jennifer O., supra*, 184 Cal.App.4th at pp. 548–550.) We also observe that in both *Alyssa F.* and *Jorge G.*, the parents lived outside of the United States when the juvenile court exercised its dependency jurisdiction and ordered the children removed from parental custody. In *Jorge G.*, the parents were in Mexican custody. (*Jorge G., supra*, 164 Cal.App.4th at p. 133.) The appellate court in *Jorge G.* expressly noted the department in its case did not contend the parents had made a general appearance. (*Ibid.*) In *Alyssa F.*, the parent never made a general appearance in the juvenile court. He did, however, appeal the juvenile court's decision. The appellate court determined the parent's general appearance before it conferred personal jurisdiction upon the dependency court even though he had not been previously served notice of the jurisdictional and dispositional hearings in that case pursuant to the Convention. (*Alyssa F., supra*, 112 Cal.App.4th at pp. 851–852.)

■ Accordingly, we conclude because the father made a general appearance at the December 2009 detention hearing on the subsequent and supplemental petitions, compliance with the Hague Service Convention was unnecessary and the notice provided pursuant to California dependency law was proper.

## DISPOSITION

The petition for writ of mandate is granted. The clerk/administrator of this court is hereby ordered to issue a writ of mandate directing the juvenile court to vacate its June 2 ruling that proper notice was not provided to the father, enter an order that notice was provided to him as required by law, and proceed forward on the subsequent and supplemental petitions.

Gomes, J., and Hill, J., concurred.

On August 10, 2010, the opinion was modified to read as printed above.